Ralph C. Sullivan, Executor of the Estate of Mary O'Neil, Deceased, Appellee, v. Arthur Culp, Appellant.

Gen. No. 34,745.

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed March 2, 1931.

G. A. BURESH and DAVID S. HORWICH, for appellants.

KETTLES & BIDWILL, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of forcible detainer against the defendant to recover possession of the first floor apartment and garage in the rear of the

premises known as 4417 West Monroe Street, Chicago. There was a trial before the court without a jury and a finding that the defendant unlawfully was withholding possession of the premises from the plaintiff, and the defendant appeals.

It appears from the record that Mary O'Neil became the owner of the premises on November 25, 1924, by virtue of a warranty deed conveying the premises to her. The conveyance was made subject to certain incumbrances. Afterwards Mary O'Neil died testate and her will was admitted to probate in the probate court of Cook county, and plaintiff was appointed and duly qualified as executor of her estate. He filed his inventory scheduling the premises in question, and on August 24, 1927, he entered into an agreement with the defendant whereby he agreed to sell, and defendant agreed to buy, the premises, and on that date plaintiff received $1,000 on account of the purchase price and executed and delivered to defendant the following receipt: "Aug. 24, 1927, Rec'd $1,000 of Arthur Culp in partial payment on premises known as 4417 Monroe Street, same to be sold in accordance with an order to be entered by the probate court of Cook county, Ill., purchase price to be $15,250. (Signed) Ralph Sullivan." About a week after defendant had paid the $1,000 as evidenced by the above receipt, he entered into possession of the property and has since continued to occupy it. Shortly after he went into possession he was advised by plaintiff that plaintiff could not give a clear title to the premises, apparently for the reason that one of the mortgagees had instituted foreclosure proceedings. The defendant then demanded the return of his $1,000 and the further sum of $1,600, claiming he had improved the property to that extent since taking possession of it. Both plaintiff and defendant were made defendants to the foreclosure proceeding and a decree was entered in the superior court of Cook county decreeing the foreclosure of the mort-

gage, finding an amount due on a junior mortgage, and also finding that there was $2,600 due the defendant, Culp, for the reasons above stated; and further decreeing that unless the money was paid the complainant in that case the property be sold; that if there was a sale the proceeds should be applied to pay the amount found due under the two mortgages, and then the $2,600 to the defendant, Culp.

It further appears that the property was sold in accordance with the decree, and at the time of the trial of the instant case the master's certificate was held by the defendant, Culp, and he had been given credit for the $2,600 on the certificate. The decree finds that the two mortgages mentioned in the decree had been made and executed by Mary O'Neil, and that she had conveyed the premises by trust deed to secure the payment of indebtedness. There was a further finding that the mortgage being foreclosed was junior to a mortgage made on the property by Edward W. Jones and Mary, his wife, who were the grantors that conveyed the premises by warranty deed to Mary O'Neil. The decree further finds that Mary O'Neil died testate March 3, 1926, and that Ralph C. Sullivan, the plaintiff in this case, was appointed executor of her last will and testament by the probate court of Cook county; that Sullivan, as executor, in August, 1927, had agreed to sell the premises being foreclosed, to Arthur Culp, the defendant, for $15,250; that thereupon Culp paid Sullivan $1,000 and received the receipt above quoted; that shortly after the payment of the $1,000 by Culp, he went into possession and made repairs upon the property in the sum of $1,600; that thereafter, about the month of November or December, 1927, Culp was advised by Sullivan "that he could not clear the title to said premises and that the deal was off and that thereupon the said Culp demanded from said Sullivan the return of said $1,000 deposited, and the payment to him of said $1,600" and

that Culp still remained in possession; and there was a finding that there was $2,600 due Culp and that it be paid to him out of the proceeds of the foreclosure sale if the proceeds were sufficient.

The last will and testament of Mary O'Neil, deceased, after making certain bequests, devised and bequeathed all the remainder of her estate both real and personal to certain parties. The will then nominated Dr. Ralph C. Sullivan, plaintiff, as executor, and then provides, "I hereby empower, authorize and give authority to said executor to convey, sell, lease, mortgage or otherwise dispose of my personal or real estate if he deems it necessary, and to make and execute all deeds, instruments and other papers which may be necessary in connection with any sale or conveyance, mortgage or lease on my property."

Counsel for the defendant contends that plaintiff's position is that he was entitled to maintain the action in question under and by virtue of the 5th paragraph of section 2 of the Forcible Detainer Act, Cahill's St. ch. 57, ¶ 2. That paragraph provides, "When a vendee, having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof after demand in writing by the person entitled to such possession," an action of forcible detainer will lie. We think it obvious, as counsel for the defendant contends, that the action cannot be maintained under the above provision of the statute, because the defendant did not fail to comply with the terms of the purchase of the property, but the failure to carry out the deal was occasioned by the fact that the plaintiff could not clear the title. We are of the opinion, however, that the authority for the action is found in the second paragraph of section 2 of the Forcible Detainer Act. The act provides that an action for forcible detainer will lie "when a peace-

able entry is made, and the possession unlawfully withheld."

In the instant case, peaceable entry was made by the defendant and after he was advised that the deal could not be carried out, on account of the foreclosure suit, he demanded the return of his $1,000 and payment to him of $1,600 he had spent in improving the property. This demand in substance was complied with because he was given and received the $2,600 when the property was sold under foreclosure; having been paid the $2,600 and he having accepted it, he was not entitled under the circumstances to remain in possession afterwards. And plaintiff, being the owner of the equity of redemption of foreclosure, was entitled to possession. While there is some evidence in the record to the effect that plaintiff had made a demand for possession of the property before suit was filed, yet we think no demand was necessary because the statute gives the right to maintain the action and no mention is made in the statute requiring any demand; and under the circumstances in this case we think it obvious that a demand would be unavailing because the defendant, on the trial and here, is contending that plaintiff has no right to possession.

Complaint is made to the "attitude, conduct and language of the court," but we think the complaint is entirely unwarranted. Defendant's counsel throughout the trial were almost constantly objecting, and most of the objections were entirely without merit. Under the terms of the will plaintiff was authorized to bring the action.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.