Robert B. Gudder and Henry E. Appleton, Trading as Purity Gas and Oil Company, Appellees, v. Atomic Oil Corporation, Appellant.

Gen. No. 9,538.

Opinion filed May 22, 1947.
Rehearing denied October 7, 1947.   Released for publication October 8,
1947.

DENNIS J. GODFREY, of Litchfield, for appellant.

OMER POOS, of Hillsboro, for appellees.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

This is an action in forcible entry and detainer. After a trial without a jury the circuit court entered judgment for the plaintiffs.   The defendant appeals.

The premises consist of two lots in the Village of Raymond which are improved with a building used as a gas filling station.

On October 7, 1945, the plaintiffs were possessed of said premises.   On that day Joseph Walker and Leonard Gunn, who were officers and employees of the defendant corporation, went to the premises and there talked with the plaintiff Gudder about purchasing the premises.   Gudder testified "we dickered for a while and finally arrived at the price and made a deal."   On

December 10, 1945, Walker and Gunn again talked with Gudder. Gudder then executed and delivered to Walker a written instrument in words and figures as follows: "12/10/45. Rec'd of Atomic Oil Corp. the sum of $50.00 to apply on the purchase price of $2300.00 for the real estate only located in Lots 1 and 2, block 14, original town of Raymond, Ill. . . . (Sig.) Purity Gas & Oil Co. Robert Gudder." At such time Walker gave Gudder a check for $50, which check was cashed by Gudder.

On December 10, 1945, or a day or two thereafter, Gudder delivered to Walker an abstract of title covering the title to said premises, and at the same time gave to Walker a key to the building on said premises. Shortly thereafter defendant took possession of the premises and has continued in possession. Walker testified that when so given the key to the premises "we told him we were going to open up a filling station and use the pumps. We told him we wanted to clean the place up and open it as soon as possible." This conversation was not denied. Although Gudder testified on direct examination, in categorically answering leading questions, that he never consented to defendant's taking possession of the property, on cross-examination he testified that "they told me they were going to clean up the establishment and were going to move in," that they "naturally" so told him.

The undisputed proofs show that the title of plaintiffs to the premises is based solely on a conveyance from a person having only a life estate.

About February 1, 1946, Otto E. Funk, acting as attorney for the plaintiffs, had a conversation with D. J. Godfrey, who was acting as attorney for the defendant, in which it was discussed that the plaintiff Gudder had obtained his title from the owner of only a life interest in the premises, and in which conversation Godfrey asked Funk to file a bill to remove a cloud on the title, and told Funk that the balance of the pur-

chase money was available when the title of the plaintiffs was cleared up. Sometime before commencing suit, the date not being shown, Gudder was told by Walker that when the title was cleared up Gudder would receive the balance of the purchase price.

On or about March 1, 1946, the plaintiffs served the defendant with a written notice that unless the defendant paid the balance of $2,250.00 "due on the property" plaintiffs would "consider the failure to pay for the property as grounds for cancellation of our contract and will retain the down payment as liquidated damages." Said notice stated that the plaintiffs were ready and willing to deliver to defendant a warranty deed covering the premises.

On March 15, 1946, the plaintiffs served on the defendant a written demand for the immediate possession of said premises. The suit was commenced April 20, 1946.

The instrument dated December 10, 1945, was a valid enforceable contract. (See *Ullsperger v. Meyer,* 217 Ill. 262.) Counsel for plaintiffs refer to such instrument as a mere "receipt," and say that "there was no agreement as to the quality of the title" plaintiffs were bound to convey, that plaintiffs "were in no wise bound to furnish a good title," and that plaintiffs insisted on payment irrespective of the title. The law appears to be well settled that under such a contract a vendee is entitled to a conveyance which will vest in the vendee an unincumbered fee simple title. (*Morris v. Goldthorp,* 390 Ill. 186; *Toledo P. & W. R. v. Brown,* 375 Ill. 438.) Apparently plaintiffs have never been in a position to make such a conveyance.

It is our opinion that the facts show that the defendant is a vendee in possession under such written contract. Under such state of facts, in order to maintain this action, the burden of proof was on plaintiffs to show that the defendant was in default under such contract. (*Sullivan v. Culp,* 260 Ill. App. 443.) No such default has been shown.

Therefore the trial court erred in entering judgment for possession in favor of the plaintiffs.

Plaintiffs have assigned as cross-error the failure of the court to allow plaintiffs the reasonable rental value of the premises during the period defendant has been in possession. Defendant, not being in default under such contract, is not liable for such rental value.

Cross-error is assigned because of the failure of the court to enter judgment for plaintiffs in the sum of $69.96 for merchandise sold defendant as charged in count two of the complaint. Mr. Walker, as a witness for the defendant, testified, ''We don't deny we owe'' for that. It is our opinion the court erred in not entering judgment for the plaintiffs for such sum.

The judgment of the trial court in favor of the plaintiffs for possession of the premises is reversed.

Judgment is entered in this court in favor of the plaintiffs for $69.96 under count two of the complaint.

*Judgment for possession reversed. Judgment for plaintiffs for moneys due for merchandise.*