HERMAN C. ROHLING, Appellee, *vs.* BERNARD THOLE *et al.* Appellants.

*Opinion filed December 17, 1912.*

1. CONTRACTS—*when an agreement to re-convey is not a mere option.* A written agreement by the purchaser of land to re-convey the same to the vendor at a certain time and for a fixed price is not, when executed as a part of the consideration for the conveyance, a mere voluntary option which the purchaser may rescind before acceptance, but is a binding agreement to re-convey upon compliance with the terms therein set forth.

2. SAME—*what does not invalidate sufficiency of notice of election to re-purchase land.* The fact that the promisee's notice to the promisor of his intention to re-purchase the land under the terms of an agreement to re-convey calls upon the promisor to go to a certain place for the money where he could not be required to go under the contract does not destroy the effect of the instrument as notice of the promisee's election to re-purchase the land.

3. SAME—*when it is not the promisee's duty to prepare a deed.* Under a contract whereby the purchaser of land agrees to re-convey the same at a certain time and for a fixed price upon compliance with the terms of the contract, and to give a warranty deed "free from all liens and demands, the current lease of the premises, if any, not to exceed one year from the first day of March, 1912, excepted," it is the duty of the promisor to prepare and execute the deed; and he cannot lawfully refuse to perform the contract because the deed prepared and tendered by the promisee for execution omitted the reservation as to the lease, which omission the promisee's attorney offered to supply in the deed before its execution.

APPEAL from the Circuit Court of Clinton county; the Hon. A. M. ROSE, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, W. S. LOUDEN, and W. H. HEBENSTREIT, for appellants.

MURRAY.& CARR, (H. G. WEBER, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a bill to enforce the specific performance of an agreement to convey real estate. Appellee, Herman C. Rohling, formerly owned the land in controversy. On the 16th day of November, 1909, he conveyed it to appellant Bernard Thole, who paid $14,000 for it. At the same time Bernard Thole executed to appellee an agreement reciting that he (Thole) had that day purchased of appellee the land (describing it) for the sum of $14,000, and containing the following:

"Now, therefore, it is hereby agreed by the said parties that whenever the said Herman C. Rohling, party of the second part, desires to re-purchase the said real estate aforesaid described on the first day of March, 1912, after giving due notice of his intention to do so not later than thirty days before said first day of March, 1912, then the said Bernard Thole, party of the first part, promises and agrees to re-convey the premises to said Herman C. Rohling for the sum of fifteen thousand dollars, ($15,000,) giving said Herman C. Rohling a warranty deed to same, free from all liens and demands.

"In witness whereof, we have hereunto set our hands and seals this 16th day of November, A. D. 1909.

          B. THOLE,          (L. S.)
          HERMAN C. ROHLING.  (L. S.)"

At the bottom of this agreement was written the following memorandum: "Signed by the undersigned Theresia Thole this 11th day of January, A. D. 1910."

This agreement was signed by Bernard Thole and appellee at the time it was executed but it was not then signed by Thole's wife. On the 11th day of January, 1910, the agreement set out in the bill was executed and signed by Bernard Thole and his wife. It is substantially the same in language and meaning as the first agreement,

except that it provides in case of the re-conveyance from Thole to appellee it should be conveyed free from all liens and demands, "the current lease of the premises, if any, not to exceed one year from the first day of March, 1912, excepted." This agreement was under seal, and was acknowledged by Thole and wife before a notary public and filed for record. In January, 1912, appellee returned from Kansas, to which State he moved after the conveyance to Thole, called at Thole's house and notified him and his wife that he desired to purchase the land back again. Appellee testified that Thole and his wife said they wanted to keep the farm; that the wife said the contract was not good. Appellee proposed to pay a part of the money and mortgage the farm for the residue, but Thole would not agree to it. Thole testified that he and his wife told appellee if he would come back by the first of March, pay the $15,000, live on the place and not sell it to anyone else or rent it, he could have it back. They separated without coming to an understanding, appellee stating he would be back by the first of March. It is quite apparent from the evidence that Thole did not intend to re-convey the land. Appellee employed counsel, who prepared and served upon Thole and wife a notice, in writing, that appellee elected to re-purchase the land for $15,000 and would have the money ready for Thole at the office of the Aviston Milling Company, at Aviston, Clinton county, Illinois, February 24, 1912, upon Thole making to him a warranty deed to the premises "free from all liens and demands, as provided in said contract." This was signed, "Herman C. Rohling, by H. G. Weber, his attorney." Appellee had the money ready at the time and place mentioned but Thole did not call for it nor execute the deed. Appellee's attorney was at the Aviston Milling Company's office on the day named, and Thole not appearing, in company with another party he drove out to Thole's house with the $15,000 but did not find Thole and wife at home. On the first day

of March, 1912, the appellee's attorney, with Fred Krebs, drove to the home of Thole, tendered him the $15,000 and asked him to execute a deed. The attorney had a deed prepared, which was a statutory form of warranty deed without any reservations. The attorney testified Thole inquired about his son, who was a tenant living on the farm, and he stated that under the contract if the son had leased it he could stay another year, and that if desired he would put that in the deed. Both Thole and his wife refused to accept the money and execute a deed. Appellee thereupon filed the bill in this case. Upon a hearing the chancellor entered a decree directing the conveyance of the land by good and sufficient warranty deed, subject to the rights of George Thole, the son, to the possession thereof, as tenant, until the expiration of his tenancy, March 1, 1913. This appeal is prosecuted by the Tholes to reverse that decree.

It is contended by appellants that there was no consideration for the agreement by Bernard Thole to re-convey the premises; that it was a mere voluntary option which he had a right to rescind at any time before its expiration, and that it was rescinded by him before such expiration. No consideration is recited in the agreement of November 16, 1909. The agreement of January 11, 1910, recites a consideration of one dollar, which, according to the evidence, was not paid. It seems clear from the evidence that the agreement to re-convey the land to Rohling was a part of the contract of sale to Thole and a part of the consideration for the conveyance, and that it was not merely a voluntary option that might be rescinded by Thole at his will. The second agreement was not a new agreement to re-convey the land to appellee, but was merely a re-statement, in writing, of the original agreement, for the purpose of having the wife of Thole sign it. It was not based upon a supposed consideration of one dollar recited therein, but upon the consideration for which the agree-

ment of November 16, 1909, was entered into between the parties. It was a valid, binding agreement requiring Thole to re-convey the land to appellee upon his compliance with the terms and conditions stated in the instrument.

It is also insisted that the notice served by appellee's attorney upon appellants in January was not sufficient, because it required Thole to go to the office of the Aviston Milling Company to get the money and make the deed, because it demanded a deed free from the encumbrance of the son's lease, and also because the attorney was not shown to have had authority to give the notice. It is true appellee could not require Thole to go to the office of the Aviston Milling Company to get the money and execute the deed, but that did not invalidate the notice as a good and sufficient notice to him that appellee had elected to take a re-conveyance of the land and had the money ready to pay for it. The contract required notice of such election to be given thirty days before March 1, 1912. The notice was a compliance with that part of the contract.

The deed demanded in the notice was a conveyance "free from all liens and demands, as provided in said contract." By the agreement of January, 1910, it was provided that in case of re-conveyance, a lease, not to exceed one year, if any existed, from March 1, 1912, should be excepted. All the notice demanded was a conveyance in accordance with the provisions of the contract. The proof shows appellee employed the attorney to do whatever was necessary to procure a re-conveyance of the land under the agreement, and the attorney was authorized to give the notice of appellee's election in the manner in which it was given.

It is also contended that the tender on March 1, 1912, was not sufficient because with it a deed was presented to Thole, to be signed by him, which was not in accordance with the agreement, even if the contract had been enforcible. The objection to the deed prepared by the appellee's

attorney and presented to Thole when the $15,000 was tendered to him is, that it did not except a lease the son of the appellants had on the premises, extending to March 1, 1913. It does not appear that the son had any written lease for the land. Whatever contract of leasing he had with his father was verbal, and it is by no means clear for what period he had it leased. The fact that the son had a lease of the premises was talked over among Thole, his wife, his son, the attorney for appellee, and a man who accompanied him to appellants' house when the tender was made. The attorney for appellee offered to write in the deed an exception of any lease the son had, in accordance with the agreement, but this did not satisfy Thole. It is evident Thole's refusal to accept the money and sign the deed was not based upon the fact that the deed prepared by the attorney contained no exception of the lease. The son testified he had consulted an attorney before the tender of March 1 was made, and it is quite clear that the refusal of Thole to perform the agreement was because he wanted to keep the land and believed that he could not be compelled to convey it. Moreover, under the contract appellee was not required to prepare the deed. It was the duty of Thole to prepare and execute it in accordance with the agreement. *Lombard* v. *Chicago Sinai Congregation,* 64 Ill. 477; *Baston* v. *Clifford,* 68 id. 67; 36 Cyc. 706.

In our opinion there is no force in the contention that the decree entered is not justified by the allegations of the bill and the proofs. We think, under the well settled authorities, the bill and the proofs make a case entitling appellee to specific performance and that the decree was authorized. It is therefore affirmed. *Decree affirmed.*