(No. 18443.—

ARTHUR M. HUNTER, Appellee, *vs.* FELIX VONBRONK *et al.*—(EDWARD H. OLDENBURGER *et al.* Appellants.)

*Opinion filed December 20, 1928—Rehearing denied Feb. 6, 1929.*

LEWIS F. JACOBSON, ROY C. MERRICK, CAMERON LATTER, and SIDNEY C. NIERMAN, for appellants.

CHARLES HUDSON, and HARVEY T. FLETCHER, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, Arthur M. Hunter, filed his bill in the circuit court of Cook county against Felix VonBronk, Edward H. Oldenburger and Roy C. Merrick for the specific performance of a contract for the sale of real estate between Von-Bronk and appellee and to set aside certain deeds from VonBronk to Oldenburger and Merrick. Answers were filed, and Oldenburger and Merrick filed a cross-bill to cancel the contract as a cloud upon their title. The cause was heard by the chancellor in open court, a decree was entered granting the relief prayed in the original bill, and an appeal has been prosecuted to this court by Oldenburger and Merrick.

VonBronk was the owner of two vacant lots in Chicago subject to tax sales and liens of about $1500 in addition to a special assessment of $700. On October 17, 1925, he entered into a sealed contract with appellee which was on a printed form and which provided that in consideration of one dollar, the receipt of which was acknowledged, he gave to appellee the exclusive right to sell the property for a period of six months, and from month to month thereafter upon the payment of three dollars per month for each additional month for not to exceed twelve months. The seller was to convey by quit-claim deed for $200 or any less sum which the seller might agree to accept, subject to unpaid taxes and encumbrances. The printed form contained a provision for the payment of a commission to appellee, but this was erased before the contract was signed. The consideration was first stated at $150, but this was erased and $200 substituted before the contract was signed. The contract provided that "you [appellee] to have the privilege of purchasing this property during said period if you so desire.

Title to be taken in your name or in the name of anyone you may designate." The seller agreed to furnish at his own expense an abstract of title showing a merchantable title in him brought down to the date of the sale. All taxes, special assessments and general expenses on the property falling due subsequent to the date of the contract were to be added to the purchase price. Appellee was to advertise and show the property without any expense to the owner. The contract was filed for record on October 23, 1925. On November 14, 1925, VonBronk and wife for a consideration of $250 conveyed to Oldenburger, who was a real estate broker doing business for VonBronk, and on November 16, 1925, Oldenburger for $125 conveyed a one-half interest to Merrick, who was the attorney for Von-Bronk and Oldenburger. On December 21, 1925, appellee tendered to VonBronk the $200 and demanded a deed. VonBronk refused to convey, and this suit was begun.

Appellants insist that the contract is vicious and contrary to equitable principles; that it gave appellee the exclusive right to sell and he was to advertise and show the property at his own expense; that these provisions clearly indicated that appellee was the agent for VonBronk in the sale of the property; that it also gave appellee the right to purchase in his own name; that these provisions place him in the dual and alternate role, first, of an agent, where he was bound to exercise the highest diligence and integrity towards his principal, and second, he had the right to buy, and he would be impelled by self-interest to discourage and defeat a sale to others; that these provisions are inconsistent and contrary to equitable principles; that all appellee wanted was to get a contract which would enable him to keep prospective buyers away until he could speculate on a profitable sale; that he does not come into court with clean hands, for the reason that he saw the newly created value of a hitherto obscure and cheap property and on Sunday took a prospective buyer to see the property;

that he then went to the owner's home and procured a contract in which the owner was assured that the property would be advertised and shown; that appellee placed the contract on record so as to drive away prospective buyers and depress the price; that he tried to sell and finally demanded a deed to himself, all of which shows a course of underhanded dealing which is fitly crowned by the effrontery of filing a bill for specific performance; that there was no evidence of a consideration for the contract.

The contract is not subject to the interpretations sought to be placed upon it by appellants and the contentions made are not sustained by the evidence. The rule is that an agent cannot act for both parties whose interests are adverse without the knowledge and consent of both. (*Bunn* v. *Keach*, 214 Ill. 259.) He is prohibited from having any interest, directly or indirectly, in the sale without the consent of his principal. (*Johnson* v. *Bernard*, 323 Ill. 527.) Contracts are common where the owner places his property in the hands of an agent for sale, and it needs no citation of authority to sustain the validity of such contracts. Option agreements to convey without any corresponding obligation to purchase will be enforced if made upon sufficient and valuable consideration. (*Threlkeld* v. *Inglett*, 289 Ill. 90; *Seyferth* v. *Groves and Sand Ridge Railroad Co.* 217 id. 483; *Guyer* v. *Warren*, 175 id. 328; *Hayes* v. *O'Brien*, 149 id. 403.) In *Carter* v. *Love*, 206 Ill. 310, the contract was on a printed form with a provision for the payment of a commission, which was erased, as it was in this case. Under the contract the agent had the right to sell as agent of the owner and also had the option to buy in his own name. The owner agreed to convey to the agent as he should direct. The contract was held to be a valid and binding obligation.

The evidence in this case consists of the testimony of VonBronk, of appellee, and of one witness who was with appellee at the time the tender was made. The evidence is

very meager and contains very few conflicts. It shows that VonBronk was a carpenter. He came to this country from Germany about eighteen years ago. Neither he nor his wife could write English but they could sign their names. Two or three years before the contract was executed VonBronk bought fourteen vacant lots in the same neighborhood on easy payments and used them for a chicken farm. He did not have an abstract of title or guaranty policy. There were tax sales, tax deeds and special assessments against the property and he had never been able to get the title straightened. Appellee was a real estate broker, dealing in vacant lots for himself. He had never had any prior dealings with VonBronk. On the date of the contract appellee took a prospective purchaser to look at the two lots. Later on the same day he went to the home of VonBronk and introduced himself as a representative of Hunter & Co. VonBronk stated he wanted $150 for the two lots. Mrs. VonBronk said $150 was not enough. Appellee said he would give $200 if they would sign the contract. The contract was drawn up and signed. Appellee testified he read it to Mr. and Mrs. VonBronk before it was signed. VonBronk testified he could not remember whether it was read or not. He also testified that no money was paid, but the contract recites that one dollar was paid, and appellee testified he paid one dollar to VonBronk. The preponderance of the evidence shows there was a consideration for the contract. It was filed for record October 23, 1925, and appellants contend this was a breach of faith. There was no agreement that it should not be recorded. Appellee had a right to record it if he saw fit and in so doing he was not guilty of a breach of faith. After it was recorded it was notice to subsequent purchasers of the rights of appellee. Appellants, who were subsequent purchasers, took title with notice of the existence of the contract and of its terms. On December 7 and December 12, 1925, appellee sent letters to VonBronk. The first letter is not in the abstract but

the last one is in evidence. It recited that appellee's purchaser had notified appellee that she was ready to take title and VonBronk was asked to meet appellee to make arrangements to close the sale. VonBronk failed to respond to either of these letters. On December 21 appellee made his tender, demanded a deed, and VonBronk replied that he had transferred the property.

At the time the contract was entered into these parties were dealing as strangers. There had been no previous dealings between them. The contract was not inequitable, as claimed by appellants. The price specified was within $50 of what appellants paid VonBronk, and the consideration was therefore not inadequate. The evidence shows that the contract was read to VonBronk before it was signed and that a consideration was paid. It was filed for record before the transfer to Oldenburger, who had notice of its contents. The conveyance from VonBronk was made to a real estate agent who had been in his employ, and one-half of the title was then transferred to an attorney who had been employed by both VonBronk and Oldenburger. We are impressed with the fact that the transfer was made to Oldenburger because he paid VonBronk $50 more than appellee was to pay or it was made for the purpose of avoiding the contract between VonBronk and appellee.

Appellants insist that the contract is incomplete and uncertain; that there is no provision as to how the $200 is to be paid; that the price is $200 or any less sum which the owner shall agree to accept and is therefore indefinite; that the conveyance is to be subject to unpaid taxes but no provision is made for unpaid special assessments; that all taxes, special assessments and general expenses falling due subsequent to the date of the contract are to be added to the purchase price. There is no merit in any of these contentions. There is no evidence that there were any taxes, special assessments or general expenses falling due after

the date of the contract. VonBronk was to convey by quit-claim deed upon the payment of $200 and subject to unpaid taxes and existing encumbrances. The payment was to be made at the time the deed was delivered, and in the absence of an agreement to the contrary the presumption is that it was to be paid in cash. There were no provisions of the contract which were necessary to be explained prior to the conveyance.

There was no valid reason why the contract should not be specifically enforced, and the decree will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*