(No. 20994.
LAWRENCE KELLER, JR., Defendant in Error, *vs.* ELIZABETH REED, Plaintiff in Error.

*Opinion filed February 19, 1932—Rehearing denied April 6, 1932.*

J. E. DUNNEGAN, and GEERS & GEERS, for plaintiff in error.

J. P. STREUBER, for defendant in error.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Lawrence Keller, Jr., defendant in error, filed a bill in the city court of Alton praying that Elizabeth Reed, plaintiff in error, be required to specifically perform a written contract for the sale of certain realty. A demurrer to the bill was overruled and plaintiff in error elected to stand by

the demurrer. Subsequently she was defaulted and a decree *pro confesso* was entered. By this decree she was ordered, upon receipt of $375, to convey the property to defendant in error. At the next term of court she filed a written motion asking the court to set aside the default and decree "and grant a new trial." In this motion she alleged that the copy of the agreement attached to the bill was a true copy and challenged the construction given such agreement by the bill. The motion was denied. A writ of error has been sued out to review the record.

Errors assigned, among others, are that the decree is not supported by the bill, and that the chancellor erred in overruling the demurrer to the bill.

After describing the property and alleging that plaintiff in error was possessed of the same on December 17, 1930, the bill proceeds: "And being so possessed, on that day entered into a written agreement with your orator for the sale of the same, which said agreement was signed by the said Elizabeth Reed, by which the said Elizabeth Reed covenant and agreed, for and in consideration of the sum of four hundred dollars ($400) to be paid as hereinafter mentioned, well and truly to convey by a good and sufficient warranty deed, in fee simple, to your orator, the tract or parcel of land above described, and in consideration whereof your orator covenant and agreed to pay the said Elizabeth Reed the said sum of four hundred dollars ($400) in manner following, to-wit: twenty-five dollars ($25) at the date of the execution of said contract and the balance or residue, three hundred and seventy-five dollars ($375), within thirty (30) days from the date thereof, as by said agreement, ready to be produced in court, a copy of which hereto attached and filed, marked 'Exhibit A,' and made a part of this bill, will more fully appear. Your orator further represents that he has always been willing and ready to comply with the terms of said agreement on his part to be performed; that on the 29th day of December, 1930, he ap-

plied to the said Elizabeth Reed and offered to pay her the sum of three hundred and seventy-five dollars ($375), being the balance then due the said Elizabeth Reed under the said agreement, on her delivering to your orator a sufficient warranty deed for the said premises according to the said agreement, yet the said Elizabeth Reed refused, and still refuses, to comply with the agreement on her part, although your orator is, and always has been, ready to pay the said sum of three hundred and seventy-five dollars ($375) and to fully perform his part under the said agreement whenever the said Elizabeth Reed will make and deliver to him a good and sufficient deed for the premises aforesaid."

"Exhibit A" referred to in and attached to the bill is as follows:

*"Option Contract.*

"For and in consideration of $25 to me in hand paid, and other good and valuable consideration, the receipt of which is hereby acknowledged, I hereby grant unto Lawrence Keller, Jr., of Alton, Illinois, an option for thirty days from the 17th day of December, A. D. 1930, to purchase for the sum of four hundred and no/100 dollars, lot number 11 in block number 7 of the village of Elsah, (formerly town of Elsah,) county of Jersey and State of Illinois. Grantee to pay the general taxes subsequent to the year of 1929, due and payable about February 1, 1931.

"This option shall continue in force after the above mentioned time until the party giving this option shall give Lawrence Keller, Jr., thirty days' notice in writing of her intention to cancel this option. In case said Lawrence Keller, Jr., shall give notice in writing within the aforesaid thirty days, then sixty days shall be given in which to examine abstract, make deeds and close sale.

Her<br>
ELIZABETH X REED. (Seal)"<br>
Mark

While the demurrer here filed admitted facts well pleaded it did not admit the conclusions of defendant in error or his interpretation of or construction placed upon the alleged contract of sale. The bill was based upon the alleged contract of sale, which, as an exhibit, was made a part thereof by reference. It controls the allegations of the bill. (*Armstrong* v. *Building Ass'n,* 176 Ill. 298; *Forster* v. *Brown*

*Hoisting Machinery Co.* 266 id. 287; *Price* v. *Solberg,* 269 id. 459; *Big Creek Coal Co.* v. *Tanner,* 303 id. 297; *Mitzlaff* v. *Midland Lumber Co.* 338 id. 575.) It is apparent, consequently, that the only right of defendant in error arose out of an option to purchase the premises for the sum of $400. While it is true that where a party holding an option signifies his acceptance within the time limited and upon the terms stated the obligation of the contract becomes mutual and capable of enforcement at the instance of either party, (*Macy* v. *Brown,* 326 Ill. 556,) the principle is well settled that an option contract is not a contract of sale within any definition of the term, and at best but gives to the option holder a right to purchase upon the terms and conditions, if any, specified in the option agreement. In order to avail himself of the right the optionee must comply with the conditions set out in the option contract. (*Lake Shore Country Club* v. *Brand,* 339 Ill. 504.) Defendant in error is therefore in the position of relying upon a bill which shows, on the one hand, that although he paid $25 as consideration for the option, equitable rights in his favor did not arise save as he made tender of the sum of $400, and, on the other hand, that instead of tendering said sum he offered $375. Such a showing gave him no claim to be heard in a court of chancery, and the chancellor erred in overruling the demurrer and entering the decree against plaintiff in error.

The decree of the circuit court is reversed and the cause is remanded, with directions to enter an order sustaining the demurrer to the bill.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*