(No. 28206.—

CLAUDE W. MORRIS, Appellant, *vs.* ELLSWORTH GOLDTHORP et al., Appellees.

*Opinion filed March 21, 1945—Rehearing denied May 17, 1945.*

CULVER & MENDELSON, (DAVID H. KRAFT, of counsel,) both of Chicago, for appellant.

Francis J. Gariepy, Andrew W. Bunta, Harold L. Reeve, Charles E. Carnahan, and Edwin C. King, all of Chicago, for appellees.

Mr. Justice Smith delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county. The suit was filed by Claude W. Morris, appellant, against appellees Ellsworth Goldthorp and Emma C. Goldthorp, his wife, as principal defendants.

The original complaint consisted of two counts. The first count alleged that on March 25, 1943, the Goldthorps, for a valuable consideration, entered into a contract and option agreement to convey certain real estate therein described, to appellant. The option is set out in that count and is as follows:

"In consideration of the sum of One Dollar, receipt acknowledged, I hereby give you exclusive sale of my property, described as Lots 170, 171, 172, 173, 174, 206, 207, 208, 209, and 210 in the First Addition to Bartlett Highlands, a subdivision of the East½ of the Southeast ¼ of Section 7, TWP. 38 North, Range 13 East of the Third Principal Meridian, in Cook County, Illinois. Buyer must pay all special assessments now unpaid and penalties, costs and interest for a period of sixty days from this date, at a price of $6,200.00 net cash, subject to an existing mortgage incumbrance of $None or any less sum which I shall agree to accept, you to have the privilege of purchasing this property during said period, if you so desire. Title to be taken in your name or in the name of anyone you may designate. Any sale is subject to buyer paying all past due special assessments and general taxes to Jan. 1, 1943.

In consideration of having given you this exclusive contract, it is understood that if you advertise and show property without any expense to me. Executed in duplicate. We will pay 5 months of 1943 Taxes. Buyer to pay all of 1942 Taxes.

Accepted:

Claude W. Morris

Ellsworth Goldthorp
Emma C. Goldthorp."

It is further alleged in that count that appellant thereafter, and within the time specified in the option, accepted

the same in writing, but that the Goldthorps had refused to convey said property to him. The prayer was for a decree for the specific performance of the contract. Vanco Realty Company was also named as a defendant in that count. It was alleged that that company had purchased the property from the Goldthorps subsequent to the giving of the option to appellant and his acceptance thereof, and, at the time the suit was filed, held title to the real estate involved.

The second count was an alternative separate action at law to recover damages from the Goldthorps in the event they were unable to convey title to the property.

Vanco Realty Company filed a motion to dismiss the first count. The Goldthorps filed an answer to both counts. Later, by leave of the court, this answer was withdrawn, and they were permitted to file a motion to dismiss both counts. The action of the court in granting leave to withdraw the answer and file a motion to dismiss, is assigned as error. This ruling did not constitute error. *Roach* v. *Village of Winnetka,* 366 Ill. 578; *Stephens* v. *St. Louis Union Trust Co.,* 260 Ill. 364.

Upon a hearing, the motion of Vanco Realty Company to strike count one was sustained. It was further ordered that the motion to dismiss count two stand until the further order of the court. Plaintiff was given leave to file an amended first count. Thereafter such amended first count was filed. The amended count, in so far as the questions here involved are concerned, is substantially the same in all material respects as the original first count. Separate motions to dismiss the amended first count were filed by the Goldthorps and Vanco Realty Company. The amended count alleged the acceptance of the option by appellant in writing. The written acceptance was not, however, set out nor was a copy thereof attached to the count as an exhibit. On motion of the defendants, the plaintiff was ruled to file a copy of his alleged written

acceptance of the option referred to in the amended count. In accordance with this order, a copy of that writing was filed. In so far as material, it is as follows:

> "I hereby notify you that I have decided to exercise said option of purchase and am ready, able and willing to pay to you the said $6,200.00, and ask that you advise me by return mail when and where within the next four days I may pay the said money to you and at that time you deliver to me properly executed your Warranty Deed conveying all said property to my nominee as provided for in aforesaid contract. Said Deed has been enclosed as prepared by me, with my nominee's name inserted, for your signature, which must be acknowledged before a notary public."

Upon a hearing, the motions were sustained and the suit was dismissed. Plaintiff has brought the record to this court for review on direct appeal, a freehold being involved.

We will first dispose of appellant's contention that the written acceptance, a copy of which was filed under the order of the court requiring the same to be filed, was no part of the pleadings or the record, and could not be properly considered by the court in ruling on the motions to dismiss. This contention requires a consideration of the character of the contract on which the suit was based. Referring to the option, which was set out in the complaint, we find that by its terms the Goldthorps gave to appellant the exclusive right of sale and the right to purchase the property therein described within a period of sixty days from the date thereof. Appellant first contends that because he signed his name at the foot of the option under the word "Accepted," the option thereupon became a valid and binding contract on the part of the Goldthorps to convey to him the property described, without any further action on his part. This argument is as novel as it is unsound. The acceptance of the option by appellant by endorsing his signature thereon, merely accepted the option for what it was. It was purely a unilateral offer and

could not and did not become a bilaterial agreement by such endorsement. It could only become a valid binding contract by the acceptance of the offer of sale contained in the option. An option is correctly defined as a right acquired by contract to accept or reject a present offer within the time limited. In such contract two elements exist: first, the offer to sell, which does not become a contract until accepted; second, a contract to leave the offer open for the specified time. *Bates* v. *Woods,* 225 Ill. 126.

In *Keogh* v. *Peck,* 316 Ill. 318, we said: "An option contract differs from a sale of lands and an agreement to sell lands. A sale of lands is the actual transfer of the title from grantor to grantee by an appropriate instrument of conveyance. An agreement to sell lands is a contract to be performed in the future, and if fulfilled results in a sale. An option, originally, is neither a sale nor an agreement to sell. It is simply a contract by which the owner of property agrees with another person that he shall have the right to buy his property at a fixed price within a time certain. The owner does not then sell his land or any interest in it. He does not then agree to sell it, but he does then sell the right or privilege to buy at the election or option of the other party. The second party gets, *in praesenti,* not lands or an interest therein, or an agreement that he shall have lands, but he does get something of value,—that is, the right to call for and receive lands if he elects. A present conveyance of land is an executed contract. An agreement to sell is an executory contract. The sale of an option is an executed contract. The lands, or an interest therein, are not sold. The contract is not executed as to them, but the option is as completely sold and transferred *in praesenti* as a piece of personal property instantly delivered upon payment of the price."

While it is true that where a party holding an option signifies his acceptance of the offer contained in the option, within the time limited and upon the terms stated, the

obligations·become mutual and capable of enforcement at the instance of either party, the principle is well settled that an option contract is not a contract of sale within any recognized definition of that term. At best, it only gives to the option holder the right to purchase upon the terms and conditions specified in the option agreement. In order to avail himself of the right, the optionee must accept all the conditions contained in the option contract. *Keller* v. *Reed,* 347 Ill. 645; *Lake Shore Country Club* v. *Brand,* 339 Ill. 504; *Macy* v. *Brown,* 326 Ill. 556.

The instrument was, therefore, merely an option under which appellant had the right to convert the same into a binding contract for the sale of the property, by accepting the terms and conditions therein stated, within the time prescribed. The endorsement of the word "Accepted" over his signature at the foot of the contract, added nothing whatever to it, and was wholly ineffective to change it into a bilateral contract. It was merely an acceptance of the option, as such, and not an acceptance of the offer of sale therein contained. The option, being based upon a valid consideration, was a continuing offer to sell to appellant the property therein described upon the terms and within the time fixed by the option. Before it could operate as a completed contract, it required an acceptance of the offer to sell and the communication of such acceptance to the Goldthorps.

We now come to the contention of appellant that the court erred in considering the written acceptance which he was required by the court to file, in ruling on the motions to dismiss. It is true that no copy of that acceptance was attached to the complaint or set forth in either count. With certain exceptions, which are not applicable here, section 36 of the Civil Practice Act provides that whenever an action is founded upon a written instrument, a copy thereof, or so much as may be relevant, must be attached to the pleading as an exhibit, or recited therein.

Here, the cause of action stated in the complaint was founded upon an alleged contract for the sale of real estate. The option was set out in the complaint. This option, on its face, did not constitute a contract. It was merely an option or an offer. The complaint alleged the written acceptance of that option. The cause of action was based, not upon the option alone, but upon the option and the written acceptance alleged in the complaint. The contract, therefore, on which the action was founded, consisted of the option and appellant's written acceptance of its terms. The acceptance was as much a part of the contract on which the cause of action was founded, as the option itself. It was the duty of the plaintiff to either set out in the complaint the written acceptance of the option on which he relied, or attach a copy thereof to the complaint, under said section of the Civil Practice Act. Not having done so, the court properly ruled him to file the copy of the written acceptance, referred to in the complaint, as a part of the contract on which the action was founded. When the copy of that written acceptance was filed, it, together with the option which was set out in the complaint, constituted the contract upon which the cause of action was founded, and both the option and the written acceptance were properly before the court and proper to be considered by the court in determining the sufficiency of the complaint. Appellant's contention that the written acceptance could not properly be considered on the motions to dismiss, is without merit.

Appellees contend that the option was not sufficiently definite and certain to entitle appellant to specific performance even though it was properly accepted by appellant. For the purposes of this case, we may assume, without deciding, that the option was sufficiently definite and certain to enable the court to decree specific performance, if the option was accepted by appellant. We must observe, however, that the statement of appellant in the reply brief

that identical contracts were approved by this court, in *Hunter* v. *VanBronk*, 333 Ill. 321, and *Kamenjarin* v. *Williams*, 327 Ill. 261, is unjustified. An examination of those cases discloses that the contracts there involved were quite different from the option in this case.

Appellees further contend that the offer contained in the option was not accepted by appellant in accordance with its terms. As already indicated, the option constituted an offer for the sale of the property upon the terms therein prescribed. Nothing is said in the option as to the character of the deed by which the property is to be conveyed. That being true, the option, if properly accepted, entitled the purchaser to a conveyance which would vest in him unincumbered fee-simple title, except in so far as a less estate was specified in the option. (*Toledo, Peoria and Western Railroad* v. *Brown*, 375 Ill. 438; *Mosher* v. *Rogers*, 117 Ill. 446.) In order to convey fee-simple title, it is not necessary that the conveyance be by warranty deed. A quitclaim deed is equally as effectual to pass title as a warranty deed with full covenants. (*Grant* v. *Bennett*, 96 Ill. 513; *Morgan* v. *Clayton*, 61 Ill. 35; *Brady* v. *Spurck*, 27 Ill. 478; *Butterfield* v. *Smith*, 11 Ill. 485.) This rule was discussed and adhered to in *Stein* v. *McKinney*, 313 Ill. 84.

Under the language of the option here involved, appellant, upon acceptance thereof, was entitled to demand a deed conveying to him fee-simple title, subject to all unpaid general taxes, including all taxes for the year 1942, and seven months of the taxes for the year 1943. We have already seen that a conveyance by quit-claim deed is as effective to convey fee-simple title as a warranty deed. Nowhere in this option did the Goldthorps agree to convey by warranty deed or to warrant the title to the purchaser.

The option expressly provided that the sale should be subject to the buyer paying all past due assessments and

general taxes to January 1, 1943, including all the taxes for the year 1942, and also the taxes for seven months of the year 1943, with penalties, interest and costs. The acceptance, however, makes no reference to the outstanding taxes or special assessments. By it, he offered to pay the purchase price upon delivery of a properly executed warranty deed, which he had prepared and enclosed. In order for appellant to show a lawful acceptance of the offer of sale contained in the option, the burden was on him to allege and prove that his acceptance and the deed demanded met all the conditions and restrictions contained in the option. The execution of the warranty deed, referred to in the notice of acceptance and enclosed therewith, would have compelled the Goldthorps to warrant the title as against the outstanding past-due special assessments and the general taxes for the years 1942 and 1943. This they had not agreed to do in their offer contained in the option. It was therein expressly stated that the purchaser should pay the past-due special assessments, with penalties, interest and costs, and all general taxes, including all the taxes for the year 1942, and seven months of the taxes for the year 1943. The acceptance was, therefore, not an acceptance of the offer made in the option. It merely constituted a counteroffer on the part of appellant to purchase the property, upon conditions named by him entirely different from the conditions of the option.

It is elementary that where one party gives an option to another, the acceptance, to be valid so as to conclude an agreement or contract between the parties, must, in every respect, meet and correspond with the offer, neither falling short of, nor going beyond, the terms proposed, but exactly meeting them at all points and closing with them just as they stand. *Brach* v. *Matteson*, 298 Ill. 387; *Anglo-American Provision Co.* v. *Prentiss*, 157 Ill. 506.

In *County of Hamilton* v. *Sloan*, 387 Ill. 24, we said: "It is urged that the alleged option agreement, being merely

an offer in the nature of a unilateral contract, required acceptance by the county in the manner and form provided by its terms before it could ripen into a valid bilateral agreement. This is a correct statement of the law pertaining to option agreements."

Courts have no authority to compel a party to do something different from that which, by his contract, he has agreed to do. In specific performance, it is the province of the court to enforce the contract which the parties themselves have made, and not to make a new contract for them. *Shaver* v. *Wickwire*, 335 Ill. 46; *Olson* v. *Forsberg*, 332 Ill. 266; *Westphal* v. *Buenger*, 324 Ill. 77; *Gronowski* v. *Jozefowicz*, 291 Ill. 266; *Rampke* v. *Beuhler*, 203 Ill. 384.

Appellant contends that the first part of his notice of acceptance, which reads: "I hereby notify you that I have decided to exercise said option of purchase and am ready, able and willing to pay you the said $6,200.00," is severable from the balance of the writing and should be so considered; that, standing alone, that portion of the sentence constitutes an unconditional acceptance of the option. The mere statement of this contention is sufficient to refute it. In construing this sentence, those words obviously must be considered, not only with the balance of the sentence in which they are found, but with all the language which follows them. The portion of the acceptance following the above-quoted words is not merely a request relating to the performance thereafter of the contract, as contended by appellant. It was a part of the acceptance and must be regarded as the conditions which appellant imposed in the acceptance of the option. Clearly, the acceptance was on condition that the Goldthorps deliver to him a warranty deed, which he enclosed, properly executed. As already noted, this warranty deed would have obligated the Goldthorps to warrant the title against all past-due special as-

sessments and general taxes and, in addition thereto, all the general taxes for the year 1943. This was expressly contrary to the option and did not constitute an acceptance of the offer contained in the option. At most it was but a counteroffer of appellant to purchase the property upon terms entirely different from those contained in the option.

If the Goldthorps had tendered to appellant a quitclaim deed providing that the grantee should pay all unpaid assessments and general taxes, with interest, penalties and costs, including the taxes for seven months of the year 1943, and he had refused to accept such deed, and they had then sued him on the contract, no one would contend that it would not be a complete defense that the deed tendered was not in accordance with his written acceptance. Yet that was all the Goldthorps were required to do under the option. They could not compel him to accept, under his alleged written acceptance, the only kind of conveyance which they were obligated to make under their option. In this respect the minds of the parties never met. The option never ripened into a bilateral contract, binding on both. The written acceptance was nothing more than a counteroffer, different from the offer contained in the option, which the Goldthorps did not accept and they were not bound by it. By his written acceptance, appellant offered to pay $6200 for the property, on condition that they convey it to him by warranty deed, which would have amounted to covenants of warranty against all encumbrances, including all unpaid assessments and general taxes, including all the taxes for the year 1943. This they did not, by their option, offer to do. The alleged acceptance was wholly insufficient. The complaint did not state a cause of action.

The court was correct in holding that the complaint showed on its face that the option was never accepted by

appellant, for the reason that his alleged acceptance thereof did not conform with the terms of the offer, but inserted new conditions which were not contained therein.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*

Mr. JUSTICE THOMPSON, dissenting:

I cannot concur in the holding of the majority opinion that the offer contained in the option was not accepted by appellant in accordance with its terms. Appellant, in his written notice of acceptance, identified the option contract, giving the date of the same and the description and purchase price of the property therein proposed to be sold, and by his notice informed appellees that he had decided to exercise *said option of purchase,* and was ready, able and willing to pay the purchase price, and asked that appellees advise him by return mail when and where, within the next four days, he might pay said money and receive properly executed their warranty deed conveying all said property to appellant's nominee *"as provided for in aforesaid contract."* The notice thus stated that appellant desired to exercise the option in question, was ready, able and willing to pay said purchase price and demanded a conveyance "as provided for in aforesaid contract." Although appellant also enclosed with said notice a warranty deed which he had prepared and requested that appellees advise him by return mail when and where within four days the money should be paid and the deed delivered, these additional requests of appellant, in order to be construed as a counteroffer invalidating his acceptance, must, when taken in connection with the notice as a whole, amount to an acceptance by appellant conditioned upon and to become effective only if appellant responded by return mail as in the notice requested, and, if within four days, they delivered to appellant the deed prepared by him and enclosed with the notice. This cannot reasonably be said to be the

intention of appellant as expressed in the notice. His statement therein that he had decided to exercise said option of purchase and his request for a conveyance "as provided for in aforesaid contract" constituted an unequivocal, unconditional and positive acceptance of the option, in accordance with its terms, thereby converting it into an executory contract of sale. The accompanying requests for performance within four days and for the execution and delivery of the deed prepared by appellant were no more than requests and suggestions as to the time and manner of performance and were in no sense qualifications or conditions imposed as a part of the acceptance itself.

The majority opinion holds that the acceptance makes no reference to outstanding taxes or special assessments. It is apparent the simple terms of the notice of acceptance provide that the deed conveying said property is subject to the terms of the option agreement by stating the deed shall be "as provided for in aforesaid contract." The execution of the warranty deed referred to in the notice of acceptance and enclosed therewith did not compel the Goldthorps to warrant the title as against the outstanding pastdue special assessments and the general taxes for the years 1942-43, because the requested deed, as requested by the notice of acceptance plainly referred to a deed as provided for in the option agreement. This, it seems, is so clear as to warrant no other reasonable interpretation. The acceptance was therefore in accordance with the offer made in the option and did not constitute a counteroffer on the part of the appellant to purchase the property upon any other conditions than named in the option and in the notice of acceptance.

In the case of *Rohling* v. *Thole*, 256 Ill. 425, the appellant Thole, by written agreement, granted to appellee Rohling the right and option to purchase certain lands in Clinton county for the sum of $15,000, the conveyance

to be by warranty deed, free and clear from all liens and demands, "the current lease of the premises, if any, not to exceed one year from the first day of March, 1912, excepted." Rohling served upon Thole a notice in writing that he elected to purchase the land for $15,000, and would have the money ready for Thole at the Office of the Aviston Milling Company, at Aviston, Clinton county, Illinois, February 24, 1912, upon Thole making to him a warranty deed to the premises "free from all liens and demands, as provided in said contract." This court there held that the notice given in that case was a valid and unconditional acceptance of the option to purchase, notwithstanding the option agreement contained no provision under which Thole could be required to go to the office of the Aviston Milling Company to get the money, and notwithstanding the further fact that neither the notice nor the deed subsequently prepared by Rohling and tendered to Thole for execution provided that the conveyance should be subject to a lease then on the premises extending to March 1, 1913, although the option expressly provided that the conveyance was to be subject to such lease. We there held the notice was good and sufficient, as it informed the optionor that the optionee had elected to take a conveyance of the land, had the money ready to pay for it, and demanded a conveyance in accordance with the provisions of the contract. If the notice in that case was a sufficient acceptance of the option to purchase I can see no reason why the notice given by appellant in the instant case is not sufficient.

Moreover, as to the warranty deed enclosed in the notice of acceptance, under the holding in the *Rohling case,* the appellant was not required to prepare the deed. It was the duty of appellee to prepare and execute a deed in accordance with the agreement. This was all that was requested by the terms of the written acceptance.