WILLARD B. GASKINS, Trustee, Appellee, *vs.* WILLIAM WALZ *et al.,* Appellants.

*Opinion filed March 22, 1951.*

SMITH & SMITH, of Pekin, for appellants.

FRINGS & MILFORD, of Pekin, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is a direct appeal involving a freehold from the circuit court of Tazewell County, which denied a motion of appellants to dismiss the complaint and entered a decree for specific performance on behalf of appellee, in accordance with the terms of an option contained in a lease.

William Walz and Louise Walz, appellants here, were the owners of real estate located at the intersection of Main Street in the city of Morton and State highway route No. 150. The appellants leased these premises to the Texas Company for use as a gasoline service station by a lease for a period of ten years from June 1, 1940, dated May 4, 1940, which included an option to purchase the premises at any time during the term of the lease. On April 25,

1949, the appellants leased the same premises to the Shell Oil Company for a period of ten years, beginning June 1, 1950. At this time the Texas Company assigned its lease to Willard B. Gaskins, trustee and appellee here. On May 17, 1950, appellee exercised the option to purchase contained in the Texas Company lease. When the appellants refused to carry out the terms of the option, appellee filed his complaint in equity for specific performance. The circuit court overruled and denied the motion to dismiss filed by appellants and entered a decree for specific performance in accordance with the terms of the option.

All evidentiary matters have been admitted by the pleadings. The parties agree that the only questions involved are whether or not the appellee had a binding option to purchase the premises and whether or not that option to purchase was properly exercised.

The option reads as follows:

"(10)—Option. Lessor hereby gives the lessee the right and option to purchase the demised premises and all structures and improvements thereon at any time during the first five years of this lease, for the sum of Fifteen Thousand Dollars ($15,000.00) and Seventeen Thousand Five Hundred Dollars ($17,500.00) any time during the last five years of this lease.

"In event a part of the premises herein demised is condemned, the amount of damages awarded to the lessor in consequence thereof shall be deducted from the purchase price upon exercise of this option by the lessee.

"Lessee's notice of election to purchase shall be sufficient if deposited in the mail addressed to lessor at or before midnight of the day on which option term expires. Lessor shall, when requested by lessee, deliver to lessee complete abstracts of title, furnish up-to-date survey by a licensed or registered professional engineer or surveyor, showing elevations of property and corners marked with concrete monuments, upon receipt of which the lessee shall have a reasonable time in which to examine the title and, upon completion of title examination, if title is found satisfactory, shall tender the purchase price to lessor, and lessor, at time of such tender, shall deliver to the lessee, a good and sufficient warranty deed conveying the premises to the lessee free and clear of all encumbrances (including, without limiting the foregoing, the rights of dower and/or courtesy)."

On April 17, 1950, appellee sent the following letter to the defendants exercising option to purchase:

"You are hereby notified that the option contained in said lease to purchase said property for the sum of $17,500.00 is hereby exercised. Please deliver your abstract of title to said premises, brought down to date showing good and merchantable title in you and as soon as the same has been examined the purchase price will be paid on delivery of your warranty deed. The option also provides for the furnishing of up-to-date survey but it is possible that this may not be necessary after we have examined the abstract of title.

"In the event you wish to discuss this matter personally with me, my address is 913 First National Bank Building, Peoria, Ill."

The lower court held this to be a valid acceptance of appellants' offer to sell contained in the option and that a contract for the sale of the real estate existed between the parties, and thereby decreed specific performance. The court further declared the lease to the Shell Oil Company void and a cloud upon the title of appellee.

The argument made by appellants is that the notice to exercise the option was not a legally sufficient acceptance of the offer to sell, inasmuch as appellee demanded an abstract of title showing good and merchantable title in appellants which, by the terms of the option, appellants had not offered to furnish. Further, appellants claim that appellee reversed the tender procedure set forth in the option.

It is the contention of appellants that the request for an abstract of title "showing good and merchantable title" contained in the notice to exercise the option imposed a new condition not contained in the option, and therefore, voided the option and appellants were not required to convey the land to appellee. To support this theory they cite cases represented generally by the case of *Morris* v. *Goldthorp,* 390 Ill. 186, and *Lake Shore Country Club* v. *Brand,* 339 Ill. 504.

In the latter case, *Lake Shore Country Club* v. *Brand,* we held, "An option contract is not a contract of sale within

any definition of the term, and at best but gives to the option holder a right to purchase upon the terms and conditions, if any, specified in the option agreement. In order to avail himself of the right the optionee must comply with the conditions set out in the option contract."

*Morris* v. *Goldthorp,* 390 Ill. 186, contained the following language: "It is elementary that where one party gives an option to another, the acceptance, to be valid so as to conclude an agreement or contract between the parties, must, in every respect, meet and correspond with the offer, neither falling short of, nor going beyond, the terms proposed, but exactly meeting them at all points and closing with them just as they stand."

These rulings are contained also in section 60 of the Restatement of the Law of Contracts, which states that a reply to an offer, though purporting to accept it, which adds qualifications, or requires performance of conditions, is not an acceptance, but is a counteroffer.

As these rulings are all considered in the case of *Morris* v. *Goldthorp,* a summation of that case is necessary.

In that case the option provided that the purchaser must pay all special assessments remaining unpaid and penalties, costs and interest for a period of sixty days from the date of the option and was also required to pay all past due special assessments and general taxes to January 1, 1943. The acceptance stated, "I hereby notify you that I have decided to exercise said option of purchase and am ready, able and willing to pay to you the said $6200.00 and ask that you advise me by return mail when and where within the next four days I may pay the said money to you, and at that time you deliver to me, properly executed, your Warranty deed conveying all said property to my nominee as provided for in aforesaid contract."

This court, on the basis of this option and acceptance, held that the acceptance was ineffectual to consummate the transaction because, under the language of the option, the

buyer was only entitled to demand a deed conveying to him fee-simple title, subject to all unpaid general taxes, including all taxes for the year 1942 and seven months of the taxes for the year 1943. There was no agreement anywhere to convey by warranty deed or to warrant title. We pointed out that the acceptance made no reference to the outstanding taxes or special assessments. By it, the purchaser offered to pay the purchase price upon delivery of a properly executed warranty deed, which would have compelled the sellers to warrant the title as against the outstanding past or special assessments and the general taxes for the year 1942 and 1943. The acceptance was, therefore, not an acceptance of the offer made in the option, but merely constituted a counteroffer on the part of appellant to purchase the property upon conditions entirely different from the conditions of the option.

It should be noted that the distinction between the *Goldthorp case* and the instant cause is in the acceptance, which in the instant case is unequivocal. The first sentence of the instant acceptance states, "You are hereby notified that the option contained in said lease to purchase said property for the sum of $17,500.00 is hereby exercised." There is no condition attached, and the mere request in a later sentence for delivery of an abstract of title showing good and merchantable title is in no way a condition of the acceptance. When that request was made, the acceptance was final and irrevocable.

In *Rohling* v. *Thole,* 256 Ill. 425, Thole had granted to Rohling the right and option to purchase certain lands in Clinton County for $15,000, conveyance to be by warranty deed, free and clear from all liens and demands. Rohling served on Thole a notice in writing that he elected to purchase for $15,000 and would have the money ready for Thole at the office of the Aviston Milling Company upon Thole's making to him a warranty deed to the prem-

ises free from all liens and demands, as provided for in said contract. This court held that the notice was a valid and unconditional acceptance of the option to purchase, notwithstanding the fact that the agreement contained no provision under which Thole could be required to go to the office of the Milling Company to get the money. The notice was there held as being good and sufficient, as it informed the optioner that the optionee had elected to take a conveyance of the land, had the money ready to pay for it, and demanded a conveyance in accordance with the provisions of the contract. The similarity between the two cases is self-evident.

It must be noted, in line with the reasoning in the *Thole case,* that there is no condition attached to the acceptance in the instant case. Here the optioner was notified, "that the option contained in said lease to purchase said property for the sum of $17,500.00 is hereby exercised."

It would seem that the sensible view is that for the demand to invalidate the acceptance it must amount to a qualification or a condition imposed as a part of the acceptance itself. Here there was no condition or qualification so imposed. The acceptance was specific, certain and unconditional. The demand for an abstract showing merchantable title was made in reference to what should happen as to performance during the period of the executory contract.

Under the circumstances, we feel that the points offered by appellants herein are not well taken. A proper offer was contained in the lease and a proper acceptance was had in the letter of the plaintiff to appellants. Under these circumstances, the decree of the circuit court of Tazewell County should be affirmed.

*Decree affirmed.*