The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Petitioner, v. Albert A. Halls, et al., Defendants.

Charles W. Jordan, et al., Defendants-Appellants, v. Vera Gorowski, a/k/a Vera Garowski, Defendant-Appellee.

Gen. No. 10,588.

Fourth District.

September 9, 1965.

Charles R. Young, Wise, Meyer, Young & Welsch, of Danville, for appellants.

John R. Dean, of Danville, for appellee.

SMITH, P. J.
■ While the pleadings and the number of parties would seem to indicate numerous complexities, only one question is presented for review and it can be simply stated: Was an option to purchase real estate properly exercised? It reads:

"7. AND, IT IS HEREBY FURTHER AGREED by and between said parties, that lessee shall have the right and option to purchase said above described premises for the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), at any time during the term of this lease."

Lessee decided to purchase the premises and notified lessor as follows:

"YOU ARE HEREBY NOTIFIED that I have elected to exercise the option to purchase the real estate described in that certain lease dated the 23rd day of June, A.D. 1955 by and between Vera A. Garowski as lessor and the undersigned Charles Jordan, as lessee, the real estate being more particularly described as follows: [Describing same] the said lease providing that the option could be exercised at any time during the term of the lease, which was a period of ten (10) years from the 1st day of July, 1955, at the purchase

305

price of Twenty-five Thousand ($25,000.00) Dollars.

"The abstract should be submitted to my attorney, Charles R. Young, 500 McMullen Building, Danville, Illinois, for examination, and the purchase price will be available upon the furnishing of a merchantable abstract of title and warranty deed."

For a proper exercise, lessee must accept in toto the conditions contained in the option and he cannot add new ones of his own. Lessor says he did, indeed, add new ones—that she furnish a merchantable abstract of title and warranty deed—and hence she need not perform. With this the trial court agreed, and lessee appeals.

An option is defined as a right acquired by contract to accept or reject a present offer within the time limited. If an optionee does signify his acceptance of an offer within the time limited and upon the terms stated, the obligations become mutual and are capable of enforcement at the instance of either party. Nothing is said expressly in this option as to the character of the deed, or for that matter *any* deed, nor is there any allusion apropos of a merchantable abstract of title. Should lessee, in exercising this option, have signified his acceptance and delivered $25,000 to lessor and let it go at that? What if after lessee had done just that but fee simple title had not been immediately put in him, could he have changed his mind? Or what if after a conveyance of some sort, lessee had discovered that his title was something less than fee simple, could he have backed away, or would lessor be given a reasonable time to remedy the defect? By these few questions, and we could posit many more, we are suggesting, what we all know, that all agreements, options included, have implied promises or conditions, even including those that pur-

port to cover every conceivable situation, and indeed, say so. As Chief Judge Cardozo remarked in Wood v. Lucy, Lady Duff-Gordon, 222 NY 88, 118 NE 214 (1917):

> "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today. A promise may be lacking, and yet the whole writing may be 'instinct with an obligation,' imperfectly expressed."

It is true, of course, that lessor did not promise in so many words that she would give a deed or furnish merchantable abstract of title, but we think that such, or their equivalents, can fairly be implied. To put legal, as opposed to equitable title, in lessee, requires some type of legal conveyance. The fact that lessee happened to request a warranty deed, in our opinion, does not provide lessor with a convenient loophole to avoid her promise. We are not saying that lessor need furnish a warranty deed as such—only that she find some legal vehicle to get the job done. It is an implied promise or condition. So too, with regard to furnishing a merchantable abstract of title. Her promise was to put fee simple title in lessee and she can give him such assurance in any reasonable way she can find. She is not bound, however, to do it this way, but she must do it. It is also an implied condition or promise. Lessee's so-called "counter-conditions," are in reality only suggested ways and means by which his purchase of the premises can be appropriately effected by lessor. They are not iron-bound and double riveted pre-conditions that must be met by lessor. By the same token, assuming performance by lessor by some other way, their lack would not prevent her from enforcing payment by lessee.

While Morris v. Goldthorp, 390 Ill 186, 60 NE2d 857, is seemingly at odds with the view we take, there are easily distinguishable features. For one thing, the request for warranty deed in Morris would have compelled the optionor to warrant title as against certain outstanding past due assessments which the option required the optionee to pay. It was an offer to buy the property upon conditions entirely different from the conditions of the option. This distinction is carefully and specifically noted in Gaskins v. Walz, 409 Ill 40, 97 NE2d 798, a case more akin to the circumstances before us. There, as here, the first sentence of the acceptance was an unequivocal exercise of the option. Concerning this, the Supreme Court said:

". . . There is no condition attached, and the mere request in a later sentence for delivery of an abstract of title showing good and merchantable title is in no way a condition of the acceptance. When that request was made, the acceptance was final and irrevocable. . . .

". . . It would seem that the sensible view is that for the demand to invalidate the acceptance it must amount to a qualification or a condition imposed as a part of the acceptance itself. Here there was no condition or qualification so imposed. The acceptance was specific, certain and unconditional. The demand for an abstract showing merchantable title was made in reference to what should happen as to performance during the period of the executory contract. . . ."

This language is decisive of the case at bar. We think lessee properly exercised the option and we view lessor's stance as strained. The option reads that the lessee can purchase the premises. We cannot agree that lessee in any way added new conditions to the

option by suggesting to lessor appropriate avenues to that end.

■ ■ Actually the type of deed and the evidence of ownership are now pretty much academic as a result of subsequent events. The Department of Public Works and Buildings filed its condemnation suit on August 26, 1963, seeking fee simple title to this property and made as parties appellants as lessees and appellee as lessor and on the same day filed its petition for immediate vesting of title. On September 4, appellants gave notice of the exercise of their option to purchase. The Department and the parties hereto stipulate in writing that the right of eminent domain was properly exercised and the amount of preliminary just compensation was $45,000. On October 2, the Department deposited 125% of this amount as required by statute and an order vesting title in the State was entered. Appellants then filed their petition alleging the exercise of the option and the ownership of the $45,000. Appellee answered with appropriate denials and filed her cross-petition seeking withdrawal of the funds on the theory that appellant imposed conditions on the exercise of the option which amounted to a counter-proposal and, not having exercised the option in accordance with its terms, the option was void and she was entitled to the $45,000. It will be observed that the lease and the option were more than 9 years old at the time of these events. These recitations are apropos of nothing except to furnish window-dressing for the conduct and positions taken by the respective parties. Appellee seeks only to avoid the consequences of her contract. Where the option is silent as to the quantum of the estate "it amounts to an undertaking to convey a complete title in fee simple, free and clear of incumbrances" and the failure to specify in the option the time for performance implies a reasonable

time. 91 CJS Vendor and Purchaser, Par 8. We think the option reasonably implies some sort of conveyance and some sort of evidence of ownership; that such was within the reasonable contemplation of the parties; and that the type of deed and the evidence of ownership related to suggested means to a performance of the contract to sell and not to a conditional acceptance of the option.

Accordingly, the order appealed from is reversed and the cause remanded with directions to enter judgment for the lessees and for such further orders not inconsistent with this opinion.

Reversed and remanded with directions.

CRAVEN, J., concurs.

TRAPP, J., dissenting.

I do not agree with the majority opinion holding that the option was properly exercised.

The type of deed and the evidence of title to be supplied are "academic" only in the sense that the party claiming under the option is seeking money rather than the possession of land. The fundamental issue is whether or not a court should order specific performance of the contract. It appears to me that the language of the majority opinion introduces elements of implication and construction never heretofore employed by the courts in requiring the specific performance of contracts.

I cannot agree that Gaskins v. Walz, 409 Ill 40, 97 NE2d 798, justifies distinguishing this case from Morris v. Goldthorp, 390 Ill 186, 60 NE2d 857. In the former case the lease expressly provided that the lessor should furnish "complete abstracts of title" and that the lessor should deliver ". . . a good and suf-

ficient warranty deed conveying the premises . . . free and clear from all encumbrances."

In Gaskins the lessor contended that the provision of the notice wherein lessee made "request" for an abstract "showing a good and merchantable title" imposed a new condition. While the Supreme Court did not cite the case, in Deem v. Miller, 303 Ill 240, 135 NE 396, it was held that a contract for conveyance "by a good and sufficient warranty deed" required conveyance of a title good in law, "which means a good merchantable title," (Page 240). Under the language of the contract providing for a complete abstract and a good and sufficient warranty deed there was, in fact, no real issue as to whether new conditions arose through the language of the acceptance, for the contract actually required what was requested.

The majority opinion refers to "unequivocal exercise" of the option, there being no conditions attached. This phrase seems to be taken from the Gaskins opinion, and under the interpretation of that opinion stated immediately above such was true. In this case the notice concluded with the language:

". . . . and the purchase price will be available upon the furnishing of a merchantable. abstract of title and warranty deed."

This language introduces three items never referred to in the contract. They are, (a) an abstract; (b) a merchantable title; and (c) a warranty deed. Our Supreme Court has held that a contract for a good title and a warranty deed does not require the vendor to furnish an abstract of title. Turn Verein Eiche v. Kionka, 255 Ill 392, at 396 and 397, 99 NE 684. The Supreme Court has also held that a contract to sell real estate does require delivery of an unencumbered fee simple title unless a lessor estate is specified, but

has stated, at least by inference, that this does not require merchantable title. Gaskins v. Walz, 409 Ill 40, p 44, 97 NE2d 798.

It is submitted that this case comes squarely within the rule of Morris v. Goldthorp, 390 Ill 186, 60 NE2d 857. There the contract did not provide for a warranty deed, but it did specify that the property would be conveyed subject to certain special assessments and taxes. The notice of the exercise of the option added in the same sentence:

> ". . . . and ask that you advise me by return mail when and where within the next four days I may pay the said money to you and at that time you deliver to me properly executed your Warranty Deed conveying all said property to my nominee as provided for in aforesaid contract."

The court held that since the option did not provide for a warranty deed, the acceptance did not meet the offer, for the warranty deed called for would necessarily warrant against the back taxes and special assessments to which the conveyance was specifically made subject under the agreement.

It is to be noted that the optionee in Goldthorp contended that the request for a warranty deed should be separated from the acceptance of the option, and that such construction was expressly refused by the court.

In this case the acceptance not only calls for an abstract showing good and merchantable title, but also calls for a warranty deed. The warranty deed would bring into operation the statutory warranties that the lessor was lawfully seized of an indefeasible title with good right and power to convey, that the land was free from all encumbrances, and that the lessee warranted quiet and peaceable possession and

312

would defend against all persons who may lawfully claim the property. (Ill Rev Stats 1963, c 30, § 8.)

It has been held that a grantee's notice of encumbrance against the land, or knowledge of facts constituting a breach of the warranty existing at the time of the conveyance, does not release the grantor's covenant nor does it prevent recovery for the breach of the statutory warranty. Weiss v. Binnian, 178 Ill 241, 52 NE 969; Ibbetson v. Knodle, 201 Ill App 373, (1917).

Upon notice of a paramount claim, one bound by a covenant may be required to defend. Biwer v. Martin, 294 Ill 488, 128 NE 518.

Lessees' prayer for withdrawal of the amount deposited by the State asks that the Clerk of the court be directed to pay to the lessees the said sum of money:

> ". . . . without prejudicing in any way their rights in the latter stages of the proceeding when the just compensation will finally be ascertained by a jury trial."

They were, at least formally, saving their rights for a greater sum of money than that deposited by the State. A dissenting opinion cannot decide, at this time, whether the lessor would be required to defend the condemnation suit and try for greater compensation by reason of the statutory warranties.

Since the issue in this case is essentially one of whether specific performance should be allowed, it seems clear that there should not be a deviation from the principle that an option must be accepted in its exact terms. Morris v. Goldthorp, 390 Ill 186, 60 NE2d 857; Illinois Law and Practice, Landlord and Tenant, § 133.

The majority opinion suggests that all agreements, "have implied promises or conditions," and that the requirements as to the abstract and the warranty deed

313

in the notice are simply matters of request or suggestion, and that the lessor was simply obliged to provide some form of deed and evidence of title.

It has long been the rule that to obtain specific performance of a contract such contract must be complete in itself without necessity for further negotiation or agreement. Young v. Kowske, 402 Ill 114, 83 NE2d 500; Borg-Warner Corp. v. Anchor Coupling Co., 16 Ill2d 234, at p 256, 156 NE2d 513. If, as stated in the acceptance notice, the money is to be available when the abstract and warranty deed are supplied, the language of the majority opinion implies negotiation, if not litigation, just as occurred in the Goldthorp case.

In view of the conclusion of this dissent that there are substantial questions of right and liability apparent in this case, I believe that the better rule is that heretofore stated by the courts, that they will not make a new contract as an incident to specific performance. Morris v. Goldthorp, 390 Ill 186, 60 NE2d 857; White v. Lang, 401 Ill 219, p 223, 81 NE2d 897; Borg-Warner Corp. v. Anchor Coupling Co., 16 Ill2d 234, at p 256, 156 NE2d 513.

There are no facts in this case which justify deviation from the several rules heretofore established and the judgment of the trial court should be affirmed.