(No. 30060.—

IN THE MATTER OF THE ESTATE OF ETTIE KEHL.— (NANCY B. LIENWEBER, Appellant, *vs.* OLLIE F. LE-SOURD, Appellee.)

*Opinion filed May 22, 1947.*

J. W. TEMPLEMAN, of Springfield, for appellant.

RICHARD W. VELDE, of Havana, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Instruments, one of which purported to be the will of Ettie Kehl, deceased, dated December 8, 1941, and the other a codicil dated May 6, 1945, were admitted to probate in the county court of Mason county as the last will and testament of the said Ettie Kehl. An appeal was taken from the order of probate to the circuit court, pursuant to section 330 of the Probate Act, (Ill. Rev. Stat. 1945, chap. 3, par. 484,) and on a hearing had in that court an order was entered which contained a finding that Ettie Kehl died June 4, 1946, that the will and codicil offered in evidence were duly executed by her and attested, and that she was of sound mind and memory and fully competent to

make a will. It was ordered that the will and codicil be admitted to probate and that a certified copy of such order be filed in the office of the clerk of the county court of that county and that letters testatmentary issue according to law. This appeal followed. It appears that testatrix owned real estate at the time of her death which was devised by the will, so that a freehold is involved and this court has jurisdiction by direct appeal.

In the will, testatrix devised all of her real and personal property to Ollie LeSourd. Provision was made for the property to go to two of the children of said beneficiary in the event she predeceased testatrix. Habert LeSourd was named as executor with a certain provision for successor executors. The executor named predeceased testatrix and the codicil changed the provision for executor by naming Ollie LeSourd to act in such capacity. Nancy B. Lienweber, the appellant herein, was a niece and only heir-at-law of Ettie Kehl. Ollie LeSourd, having survived testatrix, was the sole beneficiary, but it appears that she was not an heir-at-law.

The will was attested by William H. Schuette, Henry Oldenstadt, and Kenneth H. Lemmer, and the codicil by the two witnesses first named. Lemmer is an attorney at law and drafted both the will and codicil. He appeared on behalf of the executrix in the county court on the probate of the will but did not testify as to its execution. It was admitted to probate in that court on the testimony of Schuette and Oldenstadt. After the matter was docketed in the circuit court and shortly before trial, Lemmer withdrew as attorney and appeared as a witness on behalf of the probate of the will.

Appellant contends the words "Ettie Kehl" as they appear on the will and codicil were not written by Ettie Kehl and are in fact forgeries. The certificate of the evidence taken in the county court on the probate of the will was certified as a part of the record on appeal to the circuit

court and the discrepancy between the evidence of Schuette and Oldenstadt as given in the county court and their testimony in the circuit court furnishes the basis for much of appellant's argument that the evidence of the witnesses appearing on behalf of the probate of the will is unworthy of belief. On the hearing in the county court, Oldenstadt and Schuette testified to the witnessing of the will on December 8, 1941, and gave the details as to testatrix having signed the instrument in their presence and that they each signed as witnesses in her presence. In fact, appellant admits in her brief that their evidence, standing alone, was sufficient to entitle the will to probate. In the county court hearing, they testified that the signing occurred in testatrix's room in the St. John's Hospital in Springfield. All the evidence in the circuit court shows the will was signed by testatrix and attested by the witnesses at the farm home where Ettie Kehl resided, about five miles north of Mason City. The evidence of the witnesses in reference to the execution of the will fixes the Mason county home as the scene of the signing with much definiteness. The evidence of Schuette and Oldenstadt in explanation of the mistake in their evidence in fixing the place of execution is so persuasive as to leave their testimony unimpeached by the discrepancy. The evidence given to explain the confusion shows that on May 2, 1940, Schuette and Oldenstadt accompanied by Lemmer and others, went to the St. John's Hospital in Springfield where they attested Ettie Kehl's signature to an instrument in which she transferred various certificates of stock and other personal property to Ollie LeSourd. The instrument is in evidence and shows that Schuette, Oldenstadt and others signed as witnesses and this we find furnishes a satisfactory explanation of the witnesses' confusion as to which instrument it was that was signed at the hospital.

Attorney Lemmer testified that about 1938, Ettie Kehl engaged him to appear as her attorney in a suit then pend-

ing in the circuit court in which appellant was plaintiff and Ettie Kehl defendant and that he continued as her legal adviser until her death. In the early part of December, 1941, he was at her home near Mason City in reference to other legal matters. At that time she asked him to prepare her will and discussed the disposition of her property. On the evening of December 8, Lemmer returned to her home with his stenographer to draft the will. Since the only question raised relates to the signature of Ettie Kehl, the evidence in reference to the preparation of the will and the details of its execution will be omitted. After the will had been drafted and its contents approved by Ettie Kehl, arrangements were made for the signing. In the presence of the witnesses, Oldenstadt, Schuette and Lemmer, testatrix stated that it was her will and wanted them to sign as witnesses. When she was handed the pen to write her name, she said that she was "shaky" and would need help. After request for help was made, the name Ettie Kehl was attached to the will as a guided signature, that is, Lemmer held the pen with Ettie Kehl resting her hand on his while he wrote her name. As stated, other details shown by the evidence are not material.

The codicil was witnessed at the same home in which the will had been executed and attested. Schuette, Oldenstadt and Lemmer were present. The latter did not sign as a witness. The name Ettie Kehl on the codicil is a guided signature and was signed in the same manner as her name was attached to the will.

Appellant offered the certificates of stock transferred by the instrument of gift for the purpose of having the genuine signature of Ettie Kehl before the court for comparative purposes. Emmerson Lienweber testified that he was acquainted with the handwriting of Ettie Kehl and that the words "Ettie Kehl" as they appeared on the will and codicil were not her signatures. Appellant's other witness on the question of handwriting was A. H. Morey, who testified

that he was an expert of handwriting by comparison and that he had had a great deal of experience comparing handwritings and in testifying as to signatures on questioned documents. He gave it as his opinion that the signatures attached to the will and codicil were not written by the same person who had written the name Ettie Kehl on the certificates of stock, and that the name as it appeared on the will and codicil was not a guided signature. The witness gave an exhaustive analysis to show the discrepancies between the admitted and questioned signatures.

Section 69 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, par. 221,) provides that when each of two of the attesting witnesses to a will testifies before the probate court (a) that he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or that the testator acknowledged it to the witness as his act, (b) that the will was attested by the witness in the presence of the testator, and (c) that he believed the testator to be of sound mind and, memory at the time of signing and acknowledging the will, the execution of the will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion or other impropert conduct which in the opinion of the probate court is deemed sufficient to invalidate or destroy the will.

Section 71 (par. 223) of said act provides that at the hearing in the circuit court on appeal the proponent may introduce an authenticated transcript of the testimony of the attesting witnesses taken at the hearing on the admission of the will to probate "and any other evidence competent to establish a will in chancery," and the contestant may introduce any competent evidence of fraud, forgery, compulsion or other improper conduct. The statute further provides that if the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate unless there is proof of fraud, forgery, compulsion or

other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will.

The provision of section 69 in reference to the execution of the instrument by the testator is substantially the same language as was in the prior law. (Ill. Rev. Stat. 1935, chap. 148, par. 2.) Under the former act, it was held that the name of the testator or testatrix may be signed by someone else by his or her direction, and if it is acknowledged in the presence of two witnesses to be his or her act and deed it is as valid as if he or she had signed it with his or her own hand. (*Elston* ,v. *Montgomery*, 242 Ill. 348.) The cases also hold that a testator or testatrix may sign a will by mark (*Cunningham* v. *Hallyburton*, 342 Ill. 442,) and that he or she may have her mark attached by an agent, provided there is an acknowledgment by the testator or testatrix that the instrument is his or her will. (*Flynn* v. *Flynn*, 283 Ill. 206.) It will be observed that under section 2 of the Wills Act, the test as to the proper execution of a will, as announced in the cases cited, was more as to the intent and purpose the maker of the will had in acknowledging the signature than as to who had written the name thereon. If it had been written at the direction of the testator or testatrix and acknowledged as his or her will it complied with the statute. The requirement of section 43 (par. 194) of the present act as to what is necessary as to execution of a will, and the requirement of section 69 (par. 221) as to what must be shown by the evidence of the two witnesses as to execution, must be construed the same as the former act. If a guided or assisted signature is placed on a will at the request of the person making the will and such person thereafter in the presence of two witnesses acknowledges the instrument to be his or her will, voluntarily made, the requirements of the statute have been met.

In this case the evidence shows that testatrix was advanced in years, that she had physical infirmities which

made it difficult, if not impossible, for her to write her name. She asked her attorney to assist in placing the signature on the instrument. The method employed with the evidence of the witnesses as to what occurred and the circumstances under which the signing was made leave no room to doubt that testatrix intended to adopt the name written on the will and codicil as her own, and that in the presence of the witnesses she acknowledged the instrument to be her will and a codicil thereto.

Appellant contends that attorney Lemmer's failure to appear as a witness in the county court and his continuation as attorney for the executrix in the circuit court until shortly before the case was called for trial, together with their change in evidence as to the method of signing and the place of executing the instrument, show that the scheme was adopted to offset the evidence of appellant's expert witness. To draw such a conclusion from the evidence would be to hold that Schuette, Oldenstadt, Lemmer and Neteler all participated in the forgery. There is evidence which shows that the three witnesses first named had an acquaintance with testatrix that extended over some period of time, that Dr. Schuette had been her physician for years and Lemmer her legal adviser for about three years. It would be incredible to infer that witnesses of the character and standing of the witnesses shown in this case would violate the ties of a long acquaintance and misplace the confidence testatrix had reposed in them to prove an instrument as her will to which her name had been forged.

The handwriting expert prepared a detailed analysis showing the dissimilarity between the admitted signatures on the certificate of stock and those appearing on the will and codicil. His written analysis was introduced in evidence by stipulation. The inference is that a greater part of the analysis was made by the expert without consideration of the evidence in reference to the assisted signature. No doubt the guided signature carried many characteristics

peculiar to the handwriting of Lemmer, but the expert did not make any allowance for such characteristics in making his comparative analysis.

Appellant's admission that the evidence of the attesting witnesses was sufficient to establish a *prima facie* case for the probate of the instruments leaves the question of fact as to whether there was "proof of fraud, forgery, compulsion or other improper conduct" which in the opinion of the court was deemed sufficient to invalidate or destroy the will. On this question the trial court found that the proof did not establish forgery, and that there was no improper conduct sufficient to invalidate or destroy the will and codicil, and with this we agree.

Appellant contends that the requirement of section 43 (par. 194) in reference to the execution of the will by the testatrix makes no provision for a guided or assisted signature and that the execution of the will and codicil did not conform to this requirement. Reference has been made to the requirements of section 43 and section 69. Under the authorities cited and the construction already placed upon these sections, the contention of appellant cannot be sustained.

The certificates subscribed by the attesting witnesses were in the usual form and embodied the facts necessary to entitle an instrument to probate. The evidence of the witnesses who attested the signature of testatrix was in accord with the contents of the certificates attached to the will and codicil. Under such circumstances a *prima facie* case for the probate of the will was made (*In re Estate of Elkerton,* 380 Ill. 394,) and the order admitting said instruments to probate is affirmed.

*Order affirmed.*