(No. 30547.—

IN RE ESTATE OF THOMAS GERVASE WALSH.—(JOHN K. HAAS, Appellee, *vs.* MAURICE WALSH *et al.,* Appellants.)

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

EDWIN D. LAWLOR, of Chicago, for appellants.

EDGAR A. JONAS, and FREDERICK C. JONAS, both of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

On November 12, 1946, John K. Haas, named as executor, presented for probate to the probate court of Cook County an instrument in writing bearing date of July 20, 1942, purporting to be the last will and testament of Thomas Gervase Walsh. The court upon hearing on December 16, 1946, held the instrument was duly proved and it was admitted to probate. Under the terms of the will, personal and real property valued at approximately $32,000 was bequeathed to John K. Haas, appellee, and Marjorie Dore, or their survivor. By reason of the death of Marjorie Dore the said John K. Haas became the sole beneficiary. An appeal was perfected from the order of the probate court to the circuit court of Cook County where the cause was again heard and that court admitted the will to probate and remanded the cause with directions to admit the will. From this order appellants appeal to this court.

The record discloses the will was executed while the deceased was in the service of the United States Navy at Aiea, Oahu, in July, 1942. There were four subscribing witnesses, two of whom, Helen Cornwell and Leona Diehl, registered nurses stationed there, appeared and testified in both the probate and circuit courts. These two witnesses

were called by the proponent of the will and testified in the probate court that in their opinion Thomas Gervase Walsh was of sound and disposing memory at the time of the execution of the will. The appellants here, who were the contestants at the hearing in the probate court and represented by their present attorneys, did not cross-examine the subscribing witnesses. The certified copy of the testimony taken in the probate court was admitted in the hearing in the circuit court upon appeal. The same subscribing witnesses who appeared in the probate court were produced in the circuit court by the appellants, who, as contestants, attempted to show that, although the subscribing witnesses testified in the former hearing that the deceased, at the time of making the will was of sound mind, they actually did not know whether he was of sound mind and memory at the time of the execution of the will.

It is the contention of the contestants that the order of the circuit court directing the admission of the will to probate was not justified under the evidence or the law; that subscribing witnesses to the will were not given an opportunity to explain their testimony given in the probate court and that the examination of the subscribing witnesses was unduly restricted by the court.

It is first contended the evidence before the circuit court did not establish, as required by the Probate Act, that two of the subscribing witnesses to the will believed or were willing to state that they believed that the testator was of sound mind and memory at the time of signing the will. At the hearing the circuit court admitted in evidence a certified copy of the testimony in the probate court of Helen Cornwell and Leona Diehl, who were subscribing witnesses to the will. These witnesses testified before the probate court of Cook County that they were present and saw the testator sign the will in their presence and that they believed the testator to be of sound mind and memory at the time of the signing. Each witness there was asked

specifically the following questions and gave the following answers: "Question: Did you believe him to be of sound mind and disposing memory at the time of signing the instrument? Answer: Yes Sir. Question: Did you so believe him to be of sound mind and disposing memory when you signed it as a witness? Answer: Yes Sir."

It appears from the certified transcript of the evidence that all of the final requirements necessary for the proof of the will were met in the probate court and that proponent made out a *prima facie* case entitling the will to probate in that court. Section 71 of the Probate Act (Ill. Rev. Stat. 1947, chap. 3, par. 223,) provides: "At the hearing in the circuit court on an appeal from an order of the probate court admitting or refusing to admit a domestic or foreign will to probate, the proponent may introduce an authenticated transcript of the testimony of any of the attesting witnesses taken at the hearing on the admission of the will to probate and any other evidence competent to establish a will in chancery and the contestant may introduce any competent evidence of fraud, forgery, compulsion or other improper conduct. If the proponent establishes the will by sufficient competent evidence it shall be admitted to probate unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will." Subsection (g) of section 2 of the Probate Act, so far as applicable here, reads as follows: " 'Authenticated copy' means (1) a certified copy when the office in which the record of the original is kept is in this state."

In construing the above section we held in the case of *Brooking* v. *Brooking,* 391 Ill. 440, "It appears to us that the intent and effect of said section 71 of the Probate Act is that the introduction of such transcript in evidence at the hearing on appeal is sufficient where the testimony of the attesting witnesses to the will and codicil is full and

complete, satisfying all the statutory formalities and requirements and being properly preserved and certified to, and that, in the absence of any contrary proof, the court may properly find that the will has been established by sufficient competent evidence and should be admitted to probate unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will."

It is apparent, therefore, with the introduction of the evidence as shown in this case, that a *prima facie* case was made in the circuit court of Cook County, entitling the will to admission in the absence of any testimony which the contestants offered to invalidate or destroy it. The will appears regular on its face and the signatures of the testator, and of the subscribing witnesses who testified in probate court, are admittedly genuine. This transcript constituted proponent's case. The contestants produced the subscribing witnesses in the circuit court and interrogated them principally concerning what belief, if any, they had at the time of signing the will as to the sanity of the testator.

Helen Cornwell testified that she did not particularly recall the question addressed to her in the probate court as to whether she believed the testator to be of sound mind and disposing memory at the time he signed the instrument. The witness in her examination was asked by the court: "Do you understand the question? They want your opinion as to whether or not he was of sound mind and memory at the time he signed this will." The witness answered: "My opinion when? Then or now?" The Court: "Then. At the time he signed and when you signed this instrument." The witness: "At the time I gave it no thought." The Court: "Did he appear to be of sound mind at that time?" The witness: "Well, yes, apparently."

Leona Diehl testified that at the time the will was signed she did not give any consideration to the question whether

he was of sound mind and memory or not. She further testified: "At the time in the probate court when I answered the question—Did you believe him to be of sound mind and disposing memory at the time he signed the instrument?—I hadn't any thought about it. I had just never given it any thought at all."

Analyzing this record it is apparent that the proponent of the will made out the case in the probate court, and that upon appeal to the circuit court a *prima facie* case was likewise made out by the introduction in evidence of the certified copy of the testimony given by the witnesses in the probate court.

As we have heretofore pointed out, section 71 of the Probate Act provides that at the hearing on an appeal the proponents may introduce an authenticated transcript of the testimony of the attesting witnesses and the contestant may introduce any competent evidence of fraud, forgery, compulsion or other improper conduct; and that, "If the proponent establishes the will by sufficient competent evidence it shall be admitted to probate unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will." Here the *prima facie* case was made by the introduction in evidence of the authenticated transcript of the testimony taken in the probate court. This testimony shows upon its face that the attesting witnesses were of the belief, at the time they signed as witnesses, that the testator was of sound mind and memory. This was sufficient in the circuit court to establish a *prima facie* case. As was said in the case of *Shepherd v. Yokum,* 323 Ill. 328, what the witnesses may have believed afterwards is a matter of no consequence.

Appellants contend the court denied the subscribing witnesses to the will an opportunity to explain their testimony and that they were unduly restricted in their examination. From an examination of all the testimony of these wit-

nesses we do not find they were restricted in this respect. Their testimony covered a wide range and in all respects it is apparent it was for the purpose of contradicting the testimony they had formerly given in the probate court and overcoming the *prima facie* case made by the proponent. In this situation we think it is proper for the trial court to determine the weight to be given the testimony of the witnesses and to pass upon the question as to whether or not their testimony was such as would overcome the *prima facie* case made by the proponent.

This court, in *Brelie* v. *Wilkie,* 373 Ill. 409, in discussing the testimony of subscribing witnesses who had attempted to alter their testimony, said: "Thus we have a will, on the face of which no defect appears, and on which the signatures of the testatrix and subscribing witnesses are genuine. These facts establish a *prima facie* case of due execution. Our question, then, is, bearing in mind the above rules, does the testimony of W. A. Sullivan and Rose M. Sullivan overcome this *prima facie* case? We have carefully analyzed their testimony, and have observed many inconsistencies and a poor recollection of most things and a remarkably good recollection of others. It is evident from their testimony that they were not impartial witnesses, but testified with a view to having the will declared invalid." And, further, "In view of the character of the testimony of the subscribing witnesses seeking to impeach the will, we are of the opinion the probate and circuit courts did not err in holding their testimony did not overcome the *prima facie* case made by the proponent. The judge of each court saw and heard the witnesses and had advantages we do not possess in judging of the weight that should be given to their testimony."

In this case the trial court saw and heard the testimony of the subscribing witnesses. He also had before him the positive and clear testimony given by the witnesses in the probate court as shown by the transcript, all of which was

proper to be considered by him in his determination. The question of the weight to be given the testimony of the subscribing witnesses was for his consideration. We held in the case of *In Re Estate of Elkerton,* 380 Ill. 394, "The trial judge in the circuit court, who heard the testimony of the witness in this case and heard his explanation as to any discrepancy in his testimony, was in better position to judge whether the testimony was false and if so, whether or not such witness wilfully testified falsely. The question of the credibility of the witness was then for the court and the court having given such testimony credit, as evidenced by its judgment, we cannot say it was not warranted in so doing." On the question of the valid execution of a will in a proceeding for its probate the question of the credibility of the witnesses is for the court hearing the case, and where it has given credit to the testimony of subscribing witnesses, this court will not disturb its judgment.

It appears the testimony here was given proper consideration by the court, and, no errors being shown justifying a reversal, the order of the circuit court of Cook County is affirmed.

*Order affirmed.*