(No. 32937.—

IN RE ESTATE OF ANGELINE CALO.—(JOHN CALO *et al.*, Appellants, vs. JOE CALO, JR., *et al.*, Appellees.

*Opinion filed November 18, 1953.*

HENRY A. KALCHEIM, of Chicago, (ABRAHAM MILLER, of counsel,) for appellants.

HERBERT F. ZORNOW, and JAMES F. ASHENDEN, JR., guardian *ad litem,* both of Chicago, (JOSEPH KEIG, JR., of counsel,) for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County, finding the will of Angeline Calo to be her duly executed and attested will, and remanding the cause to the probate court of said county with directions to admit same to probate. The will disposes of three parcels of real estate and a direct appeal to this court is proper.

The petition of Joe Calo, Jr., filed in the probate court, sought the admission of the will of his mother to probate and alleged that the mother died October 8, 1951, in Harvey, Illinois, leaving a last will naming him as executor; that she left no personal property but real estate valued at $25,000; that the heirs of decedent were Joe Calo, Jr., son, Sandy L. Calo, son, John Calo, son, and Nancy C. McKeska (Laura), a daughter; that the devisees and legatees are John Calo, Sandy L. Calo, Joe Calo, Jr., Nancy C. McKeska, and John Sandy Calo, Jr., a minor grandson;

petitioner prayed for the admission of said will to probate and for letters testamentary. By this will, decedent gave the sum of $100 each to her sons John Calo and Sandy L. Calo; one parcel of real estate to her son Joe Calo, Jr., one parcel of real estate to her daughter, Nancy C. McKeska, and one parcel of real estate to her minor grandson, John Sandy Calo, Jr. This will was executed at her home, January 17, 1951, when testatrix was approximately 69 or 70 years old and unable to see by reason of blindness. The will was witnessed by Louis E. Haht, Martin A. Kranz, and Santy Corsello. Both the probate court and circuit court found the will to have been duly executed and attested. In the probate court Corsello did not testify; however, he did testify in the circuit court. The will was signed by the testatrix by means of a cross on each of the three pages of said will, and the witnesses' signatures were affixed to the third and final page thereof. The mark of the cross by the testatrix was done in the presence of all the witnesses and the witnesses affixed each of their respective signatures in the presence of each other, and in the presence of the testatrix. Although it appears that the testatrix was of Italian descent and unable to understand English as well as Italian, it appears from the testimony that she was able to understand English and also spoke in English with the witnesses. There is no question about the fact that the testatrix understood that she was executing her last will and testament and that the witnesses were present for the purpose of attesting same. However, it appears that at no time in the presence of the attesting witnesses was the will read to the testatrix or explained to her. The witnesses were all of the impression that the contents of the will were explained to her prior to their arrival and that she was satisfied that the instrument contained her wishes. It appears that the will was prepared by an attorney who was able to converse with the testatrix in Italian and who was a trusted friend of the family.

The validity of the mother's will has been attacked by her sons John and Sandy, and their chief contentions in support of this attack are that the will was not attested in the presence of the testatrix and that the petitioner seeking to have the will admitted to probate did not prove that testatrix had knowledge of the contents thereof by the preponderance of the evidence.

Attesting witness Haht testified he was acquainted with testatrix during her lifetime, and that he signed her will upon her requesting him to witness same. He saw her make the cross on the will but she did not see him sign his name because of her blindness. He stated that she knew she was signing her will and that the witnesses were present for this purpose. He recalled that she had signed each of the three pages of the will by mark. He further testified that the attorney asked the testatrix questions in Italian and English but that he, the witness, did not understand Italian.

The attesting witness Kranz testified that he had been acquainted with the testatrix prior to witnessing her will. When he arrived at her home for this purpose she was told who he was and why he was there. He stated that the attorney of testatrix was there and told her as she was signing the will what the other parties were there for. He was called to the home by the son Joseph. His testimony in respect to the execution is substantially the same as that of the witness Haht. This witness also did not understand Italian.

Attesting witness Santy Corsello, testifying in the circuit court on behalf of appellants, stated he was present and signed his name as a witness to the will, and that the attorney had asked the witnesses and the testatrix to sit down and sign the will. He stated that there were several other members of the family in the home at the time the will was executed, but that he did not remember the sons John or Sandy being present. He further stated that the testatrix was not able to read or write, that she could speak

some English, but most of their conversation was in Italian which he, the witness, also understood. This witness stated he did not hear any other conversation between the lawyer and anyone else.

Joseph Calo, Jr., called as a witness by appellants, testified that he did not see the will and did not know its contents on the day it was signed; that his mother lived next door and he did not know whether or not the will was ever read to her at the time it was signed; that she could not read or write and was able to speak English to a certain extent. He further testified that he called the attorney, who had represented the testatrix's late husband, for his mother; that this attorney prepared the will for her and that the witness did not know what was in the. will. He stated that the witnesses were called to the home of testatrix at the request of the attorney, and that the same attorney was with her before he arrived at his mother's home.

It further appears that the testatrix was of sound mind and memory at the time of the execution of her said will. Testatrix died less than a year after the execution of her will, and left her four children surviving her, all of whom were mentioned in said will. The will contained a formal attestation clause.

The attack upon the will in question is centered on the physical incapacity of the testatrix to see and read the contents of the will at the time of its execution. Where this condition exists the appellants insist that the attesting witnesses must be satisfied that the testatrix at the time of signing such an instrument was made aware of its contents by reading the same to her in their presence, or by having the contents thereof explained to her in their presence. While this type of procedure may have some meritorious features, we are unable to say that it is required by the law of this State. The law of this State does not preclude blind people or people with other physical dis-

abilities from the right to make a last will and testament disposing of property in accordance with their own wishes the same as people without physical handicaps. It therefore follows that such testators must be equally treated in the eyes of the law. We know of no law or requirement that commands any testator to make known to the attesting witnesses the contents of his or her will, and in many cases it is understandable that the maker of a will is desirous that the contents be kept within the confidence of the testator, his attorney and the person responsible for transcribing the will. All that is necessary is that a testator be of sound mind and memory, that he knows he is executing his will, and that the attesting witnesses do so at his request. Every person of the age of 18 years or over who is of sound mind and memory has the power to devise and bequeath by will the real and personal estate which he has at the time of his death. Ill. Rev. Stat. 1951, chap. 3, par. 193.

Every reasonable presumption should be indulged in favor of due execution and attestation of wills. (*Glos* v. *Schildbach,* 344 Ill. 23.) There can be no question from the evidence in this case but that the will of Mrs. Calo was duly executed and attested. No one questions that the signatures of the testator or the subscribing witnesses are genuine, and we must, therefore, hold that since the attestation clause is in due form it is *prima facie* evidence of due execution of this will. (*Brelie* v. *Wilkie,* 373 Ill. 409.) It further appears that this will was prepared at the request of the testatrix by her attorney, and that she knowingly affixed her signature to an instrument she believed and understood contained her wishes and directions in respect to the disposition of her property upon her death. There is no evidence in this case showing that this condition was not the fact. No coercion, fraud, forgery or other improper conduct was shown to have been imposed upon the testatrix. Such proof being utterly lacking in this case, we

are unable to understand or to see any force in the appellants' contentions. Indeed the contentions of appellants appear to be based more upon surmise, guess and conjecture than upon fact and evidence. Where the testator is shown to have executed an instrument as his will, it will be presumed, in the absence of evidence of fraud, imposition or mental incapacity, that he was aware of the contents, and his signature to the instrument is *prima facie* evidence of his having understandingly executed it. Where a will is shown to have been prepared at the request of the testator, though under general directions and he afterwards executes the same in the manner provided by law, it may not be set aside on the ground that he did not understand what it contained, except upon clear and satisfactory proof of that fact. Evidence that the testator could not read does not overcome the presumption that the testator knew the contents of the will. Nor does evidence tending to prove that he could not read English writing, and could not write it, have a tendency to establish either his inability to make a will or his ignorance of the contents of the will which he executed. (*Pepe* v. *Caputo,* 408 Ill. 321.) It appears from the evidence in this case that prior to the execution of her will, testatrix was asked if she was satisfied with the same and if she had any questions. She stated that she was satisfied and had no questions.

The objection that the will was not attested by the witnesses in the presence of the testatrix is not supported by the record. It is clear from the evidence that the testatrix was conscious through her remaining senses of speech, touch and hearing of the actual physical presence of each of the witnesses. She knew and understood the occurrence and the occasion, and it would be idle to assert that she did not appreciate its full importance. The provisions of the will in itself are indicative of these facts. The fact that she did not treat each of her children on an equal basis in

her testamentary disposition is no indication that she did not know and fully understand such disposition.

It further appears that a *prima facie* case was established in the trial court upon the introduction of the transcript of the testimony taken in the probate court. It is manifest from the record in this case that no proof was adduced which in any manner attempted to overcome the *prima facie* case thus established. The trial court saw and heard the testimony of two of the subscribing witnesses. He also had before him the positive and clear testimony given by the witnesses in the probate court as shown by the transcript. On the question of the valid execution of a will in a proceeding for its probate, the question of the credibility of the witnesses is for the court hearing the case and where it has given credit to the testimony of the subscribing witnesses this court will not disturb its judgment. *In re Estate of Walsh,* 400 Ill. 454.

We have examined the various authorities cited by the appellants wherein this court has stated what is required to show attestation of a will in the "presence" of a testator. All are distinguishable on the facts, and the circumstances surrounding the attestation of the will in this case meet every requirement set forth in those cases. Appellants also cite authorities for the proposition that the testator must know the contents of the will. We do not disagree with such authorities but, as we have stated, the evidence here all points to the conclusion that she did know the contents of the will and there is no circumstance, other than her physical disability, indicating that she was not fully aware of this. This, alone, cannot be considered as evidence that she did not know the contents of the instrument which she executed.

For the foregoing reasons, the order of the circuit court is affirmed.

*Order affirmed.*