(No. 39601.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS *et al.*
*vs.* ALBERT A. HALLS *et al.*—(CHARLES W. JORDAN
*et al.* Appellees, *vs.* VERA GOROWSKI, Appellant.)

*Opinion filed September 23, 1966.*

JOHN R. DEAN, of Danville, for appellant.

WISE, MEYER, YOUNG & WELSCH, of Danville,
(CHARLES R. YOUNG, of counsel,) for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

The single question presented by this appeal, which is an
off-shoot of a condemnation proceeding, is whether Charles
Jordan, the lessee of a parcel of land owned by Vera
Gorowski, properly exercised an option to purchase the
leased premises. The circuit court of Vermilion County

found the purported acceptance constituted a counteroffer and held the option was not exercised. A divided appellate court reached a contrary result, (*Dept. of Public Works and Buildings* v. *Halls,* 63 Ill. App. 2d 304,) and we have granted leave to appeal. Actually a condemnation award is the prize sought by the adversaries.

The lease in question was for a ten-year period commencing July 1, 1955, and provided for a rental of $1,500 a year. It contained the following option:

"7. AND, IT IS HEREBY FURTHER AGREED by and between said parties, that Lessee shall have the right and option to purchase said above described premises for the sum of TWENTY FIVE THOUSAND DOLLARS ($25,000.00), at any time during the term of this lease."

On August 26, 1963, the Illinois Department of Public Works and Buildings filed a petition to condemn this and other tracts, naming both the lessor and the lessee as defendants, and moved for an immediate vesting of title. Before such motion was allowed, the lessee, on September 24, 1963, notified the lessor in writing as follows:

"YOU ARE HEREBY NOTIFIED that I have elected to exercise the option to purchase the real estate described in that certain lease dated the 23rd day of June, A.D. 1955 by and between Vera A. Garowski as lessor and the undersigned Charles Jordan, as Lessee, the real estate being more particularly described as follows: [Description] the said lease providing that the option could be exercised at any time during the term of the lease, which was a period of ten (10) years from the 1st day of July, 1955, at the purchase price of Twenty-five Thousand ($25,000.00) Dollars.

"The abstract should be submitted to my attorney, Charles R. Young, 500 McMullen Building, Danville, Illinois, for examination, and the purchase price will be available upon the furnishing of a merchantable abstract of title and warranty deed."

A short time later a "quick-take" order was entered

setting the compensation for the parcel at $45,000 and such amount was deposited with the clerk. The controversy now before us became full-blown when the lessee filed a petition to withdraw the sum so deposited.

It is the contention of the lessor that the language of the acceptance relating to the submission of an abstract of title and the furnishing of a warranty deed imposes conditions beyond the language of the option, and thus transforms the acceptance into a mere counteroffer. The lessee, on the other hand, insists that his acceptance was unequivocal and unconditional, thereby creating an executory contract.

"It is elementary that where one party gives an option to another, the acceptance, to be valid so as to conclude an agreement or contract between the parties, must, in every respect, meet and correspond with the offer, neither falling short of, nor going beyond, the terms proposed, but exactly meeting them at all points and closing with them just as they stand." *Morris* v. *Goldthorp,* 390 Ill. 186, 195, quoted in *Gaskins* v. *Walz,* 409 Ill. 40, 43.

The option here was to buy certain property for $25,000. There was no reference therein to an abstract of title or a warranty deed, and it is clear that a seller is under no obligation to furnish an abstract (*Turn Verein Eiche* v. *Kionka,* 255 Ill. 392), or a warranty deed (*Morris* v. *Goldthorp,* 390 Ill. 186) in the absence of a specific agreement to do so. The purported acceptance of the option concluded with the statement: "The abstract should be submitted to my attorney, [naming him], for examination, and the purchase price will be available *upon the furnishing of a merchantable abstract of title and warranty deed."* (Emphasis added.) This language indicates a clear intent which is that the purchase price would be paid when an abstract showing merchantable title and a warranty deed were delivered. There was not the slightest indication in the option of an agreement to do any of these things, and there was no obligation on the lessor to do them unless he specifically agreed to.

The so-called acceptance was not in accord with the offer —it was not unequivocal—it added entirely new conditions, and it constituted a counteroffer requiring acceptance by the lessor before any contract came into being. Since it was not so accepted, there never was an effective exercise of the option.

Although the appellate court stated: "It is true, of course, that lessor did not promise in so many words that she would give a deed or furnish merchantable abstract of title, but we think that such, or their equivalents, can fairly be implied," we agree with the dissenting opinion wherein it is stated that the language of the majority opinion introduces elements of implication and construction never heretofore employed by the courts. The appellate court, in effect, made a new contract for the parties.

*Morris* v. *Goldthorp* is conclusive as to the invalidity of an acceptance which requires a warranty deed where the option makes no mention of a warranty deed, and *Gaskins* v. *Walz,* heavily relied upon by the lessee, is, when read as a whole, authority for holding the acceptance in this case to be a counteroffer. There the option specifically provided that "complete abstracts of title" and "a good and sufficient warranty deed conveying the premises to the lessee free and clear of all incumbrances" would be furnished and that "lessee shall have a reasonable time in which to examine the title". This court held lessee's acceptance by an otherwise sufficient letter which required an abstract "showing good and merchantable title" created a contract. It is clearly apparent from the language there used that the court would never have held valid an acceptance requiring an abstract of title and warranty deed in the absence of a specific provision therefor in the option agreeing to provide them.

To state that since the first sentence of the purported exercise of the option is unequivocal in nature *Gaskins* is controlling, is to disregard completely the remaining portions of that instrument imposing conditions not contem-

plated by the option clause of the lease. As indicated in *Goldthorp,* the court should examine and consider all of the terms of both the offer and purported acceptance.

Accordingly, the judgment of the appellate court is reversed and the judgment of the circuit court of Vermilion County is affirmed.

*Appellate Court reversed;
circuit court affirmed.*